Ramona LEE, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 01–98–00945–CR, 01–98–00946–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 8, 2001.

Charles A. Brown, Jr., Houston, for appellant.

Calvin Hartmann, John B. Holmes, Houston, for the State.

Panel consists of Chief Justice SCHNEIDER and Justices TAFT and BRISTER.

## OPINION

SCHNEIDER, Chief Justice.

Appellant pled true to a motion to revoke community supervision based on appellant's commission of another offense of driving while intoxicated (DWI), to which appellant pled no contest. The trial court sentenced appellant to three years confinement. Appellant challenges the voluntariness of her pleas on appeal. We affirm.

### Factual and Procedural Background

This appeal concerns two cases that have been consolidated. In the first case, appellant pled no contest to driving while intoxicated (DWI) in Polk County on February 14, 1997. Based upon enhancements for two previous DWI convictions, punishment was assessed at 10 years confinement, plus a $1500 fine. The confinement was probated for five years. A condition of probation was that appellant could neither commit, nor be convicted of, any offense against the laws of the State of Texas.

In the second case, appellant was arrested for DWI in Harris County on December 14, 1997, while on probation in Polk County. On January 8, 1998, Polk County prosecutors filed a motion to revoke probation in the first case based upon the Harris County DWI arrest. The Polk County prosecutors also filed a motion to transfer jurisdiction to Harris County because appellant had moved to Harris County. Pursuant to Article 42.12, § 10(b) of the Texas Code of Criminal Procedure, jurisdiction was transferred to Harris County on March 27, 1998. Harris County prosecutors filed a motion to revoke probation in the first case based on the same allegations as the earlier Polk County motion to revoke.

Appellant pled no contest to the Harris County DWI charge and true to the alle-

gations in the motion to revoke probation based upon the transferred Polk County charge. Appellant was sentenced to three years confinement based upon a plea agreement. Appellant appeals in both cases, complaining that her pleas were involuntary because: (1) bail was revoked improperly, and (2) the trial court improperly accepted jurisdiction from Polk County.

### *Analysis*

■ A plea of guilty or nolo contendere may be accepted by a court only if it is freely and voluntarily entered. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(b) (Vernon 1999). When reviewing the voluntariness of a nolo contendere plea, the record is viewed as a whole. *See Williams v. State*, 522 S.W.2d 483, 485 (Tex.Crim.App.1975). Voluntariness of a plea is determined by the totality of the circumstances. *See Edwards v. State*, 921 S.W.2d 477, 479 (Tex. App.—Houston [1st Dist.] 1996, no pet.) (citing *Griffin v. State*, 703 S.W.2d 193, 196 (Tex.Crim.App.1986)).

■ An admonishment on punishment is prima facie evidence that a nolo contendere plea was knowing and voluntary. *See Ex Parte Williams*, 704 S.W.2d 773, 775 (Tex.Crim.App.1986); *Kirk v. State*, 949 S.W.2d 769, 771 (Tex.App.—Dallas 1997, pet. ref'd.). The burden then "shifts to the defendant to show that he entered his plea without understanding the consequences of the plea." *Fuentes v. State*, 688 S.W.2d 542, 544 (Tex.Crim.App.1985); *see also, Solis v. State*, 945 S.W.2d 300, 302 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd).

■ A trial court need only substantially comply with the admonishment requirements set forth in Article 26.13(a) of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(d) (Vernon 1999); *Harris v. State*, 887 S.W.2d 482, 484 (Tex.App.—Dallas 1994, no pet.). When a criminal defendant signs an admonishment sheet telling the court that he understands the nature of his plea, that he is entering his plea voluntarily and "not because of any outside pressure or influence, he has a heavy burden to prove on appeal that his plea was involuntary." *Crawford v. State*, 890 S.W.2d 941, 944 (Tex.App.—San Antonio 1994, no pet.). The burden is on the appellant to overcome the presumption of regularity of the judgment and the proceedings. *See Hernandez v. State*, 885 S.W.2d 597, 601 (Tex. App.—El Paso 1994, no pet.).

■ Appellant initialed the admonishment sheet recognizing that: (1) she was charged with felony DWI; (2) she was mentally competent; (3) she understood the nature of the charge; (4) she understood the admonishments; (5) she understood the consequences of her plea; (6) she understood English; (7) and that her plea was freely and voluntarily made. Appellant also waived the right to have the trial court orally admonish her.[1] These statements are prima facie evidence that the nolo contendere plea was knowing and voluntary. *See Ex Parte Williams*, 704 S.W.2d at 775. The burden is now on appellant to show she did not understand the consequences of the plea. *See Fuentes*, 688 S.W.2d at 544. Appellant offers two circumstances to establish her plea was involuntary. We examine each in turn.

### 1. *Bail Revocation*

■ After appellant's Polk County case was transferred to Harris County, the trial

---

1. We do not know if the trial court orally admonished appellant because there is no reporter's record. The docket sheet indicates a court reporter was waived. Although the court reporter was not waived in writing, when a docket sheet shows that a court reporter's presence was waived, the absence of the court reporter is not grounds for reversal. *See, e.g., Green v. State*, 841 S.W.2d 926, 927 (Tex.App.—Corpus Christi 1992, no pet.). There is no requirement that the judge orally inquire about voluntariness of a plea after a defendant has signed written admonishments, statements, or waivers, and it is established that the defendant has understood them. *See Edwards v. State*, 921 S.W.2d 477, 479 (Tex. App.—Houston [1st Dist.] 1996, no pet.).

court set appellant's bail at $5000. At the probable cause hearing, appellant appeared in a timely fashion. However, defense counsel did not appear because he thought the case had been rescheduled. At the hearing, the trial court revoked appellant's bail and ordered her to be held in jail on a "no bond" status.

On appeal, appellant argues this action caused her to enter a no contest plea involuntarily. She explains that, by remaining in jail, she was provided with no opportunity to assist defense counsel in preparing for trial, and that she was willing to do anything to minimize her period of incarceration. Although appellant complained about the denial of bail, the trial court did not schedule a hearing to reconsider the issue. Appellant claims this made her feel pressured to enter "a plea rather than ask the trial judge who had refused to give her a hearing" to rule on the case.

The record supports appellant's assertion that the trial court revoked her bond. However, there is no evidence in the record that supports appellant's claim that she was pressured because her bail was revoked. Thus, we conclude appellant has not met her heavy burden on overcoming the presumption of regularity of the judgment and proceedings.

We also note that, although it is not shown in the record that the trial judge revoked appellant's bail solely due to her attorney's absence, we would disapprove of such practices in the trial courts if they do occur. *See, e.g., Meador v. State,* 780 S.W.2d 836, 836 (Tex.App.—Houston [14th Dist.] 1989, no pet.) (finding the trial court abused its discretion in revoking defendant's bond when the defendant "arrived in court three to five minutes late and without an attorney"). It is unfair to punish the defendant by revoking bail merely because a trial judge is upset with defense counsel's failure to appear.

■ The rules for fixing an amount for bail prior to trial are provided by article 17.15 of the Code of Criminal Procedure

and give the trial court great latitude and discretion. *See* TEX.CODE CRIM. PROC. ANN. art. 17.15 (Vernon 2000). The trial court may require another bond if good and sufficient cause is shown. *See* TEX.CODE CRIM. PROC. ANN. art. 17.09, sec. 3 (Vernon 2000). The trial judge also has the discretion to impose reasonable conditions of bond for the safety of the victim. *See* TEX.CODE CRIM. PROC. ANN. art. 17.40(a) (Vernon 2000). However, this discretion is more limited with respect to revocation of bail. *See, e.g.,* TEX.CODE CRIM. PROC. ANN. art. 17.40(b) (Vernon 2000) (requiring a magistrate to find by a preponderance of the evidence that a defendant violated a condition of bond before bail may be revoked). It is an abuse of discretion if a trial judge revokes bail solely because defense counsel is not present. Similarly, a trial court abuses its discretion if it revokes bail because the defendant does not have an attorney.

### 2. Transfer of Jurisdiction

■ The Code of Criminal Procedure allows the jurisdiction of a community supervision case to be transferred to a court of the same rank where the defendant is residing or where violations of the conditions of community supervision occur. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 10(b) (Vernon 1999). Appellant claims she had been working towards rehabilitation with the Polk County court, and viewed the Harris County court as "an unknown and apparently unfriendly trial court." She argues that the transfer made her feel pressured to enter a plea. However, there is no evidence in the record to support her claim that she felt pressured by the transfer. Again, we conclude appellant has not met her heavy burden of overcoming the presumption of regularity of the judgment and proceedings.

### Conclusion

Appellant signed a statement indicating that she understood the admonitions and was aware of the consequences of her plea.

There is nothing in the record that overcomes the presumption of voluntariness. Accordingly, we overrule the point of error and affirm the judgments of the trial court.