# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00621-CR

**David Wayne Frost, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT NO. 0994013, HONORABLE BOB PERKINS, JUDGE PRESIDING

Appellant David Wayne Frost pleaded guilty to felony driving while intoxicated (DWI) after the district court overruled his motion to transfer the prosecution to a court having misdemeanor jurisdiction. *See* Tex. Pen. Code Ann. §§ 49.04(a), .09(b)(2) (West Supp. 2002). The transfer motion alleged that one of the two previous misdemeanor DWI convictions used to elevate the offense to a felony was void. By three points of error, appellant urges that the district court erred by overruling the motion to transfer. Finding no error, we will affirm the conviction.[1]

The previous conviction in question is Travis County cause number 311014, a 1989 conviction for first offense DWI. Appellant contends this conviction is void because his plea of no contest was involuntary and because he was denied his constitutional right to counsel.

---

[1] The district court placed appellant on seven years' probation as called for in a plea bargain agreement. Appellant's notice of appeal preserved his right to appeal the ruling on the pretrial motion. *See* Tex. R. App. P. 25.2(b)(3)(B).

Documents admitted at the hearing on the transfer motion reflect the following facts regarding cause number 311014. Appellant was arrested for DWI on October 19, 1988. He was released from custody on a personal bond obligating him to appear in the county court at law or pay $750. On May 29, 1989, appellant signed an affidavit of indigence and requested that an attorney be appointed to represent him. On June 1, the court appointed Eva Eakins. That same day, with counsel, appellant signed a written waiver of rights and plea of no contest. On June 2, after finding that the waivers and plea were knowingly and voluntarily made, the court adjudged appellant guilty and placed him on community supervision. Below the judge's signature are the handwritten words "jail call."

Two witnesses testified regarding the proceedings in cause number 311014. Appellant testified that he was summoned to appear in the county court at law three times following his release on personal bond and that he appeared each time. On the first two occasions, he informed the court that he was actively seeking to hire counsel. Appellant was still without counsel on his third appearance, eight months after his arrest. Appellant said he told the court that he was unable to afford counsel and filled out a form stating his income and expenses.[2] According to appellant, the court failed to find that he was indigent, refused to appoint counsel, and revoked his personal bond. Later that day, appellant was returned to the court during jail call. Eakins was appointed at that time. According to appellant, counsel told him that he would be released on probation that day if he pleaded guilty or no contest. Appellant initially testified that counsel also told him that he would

---

[2] Appellant testified that he was then twenty-two years old, single, attending community college, and working as a pizza cook. He said his monthly take-home income at that time was "about $600."

2

remain in jail if he chose to plead not guilty and go to trial. He changed this testimony during cross-examination, when he said that counsel never talked to him about the consequences of going to trial and that other inmates told him that he would remain in jail for sixty days unless he pleaded guilty. Appellant testified that he believed he was not guilty and wanted to fight the accusation.[3] Nevertheless, he pleaded no contest because "that's what I had to say to get out of jail."

Eakins testified that it was a common practice in the county courts at law in 1989 to revoke the personal bond of any defendant who appeared in court more than twice without counsel. Counsel would then be appointed for the defendant at the next jail call. She added that it appeared from the documents that she had been appointed to represent appellant during a jail call. Eakins said she had no independent memory of appellant's case and did not know how or why he had come to be incarcerated.

A prior conviction used to enhance punishment may be collaterally attacked if it is void due to a fundamental or constitutional defect. *Galloway v. State*, 578 S.W.2d 142, 143 (Tex. Crim. App. 1979). The defendant has the burden of showing that the prior conviction suffers from a fatal defect. *Johnson v. State*, 725 S.W.2d 245, 247 (Tex. Crim. App. 1987). The State does not deny that an involuntary plea or a denial of counsel would render appellant's conviction in cause number 311014 void, but urges that appellant failed to prove his allegations.

---

[3] Appellant claimed that a friend was driving. After they were stopped by the police, appellant agreed to exchange places with the friend because the friend had several outstanding traffic citations. Appellant conceded that he did not tell counsel this exculpatory story before agreeing to plead no contest.

Appellant argues that his no contest plea was involuntary because: (1) it was unlawful to revoke his personal bond for failing to employ counsel; and (2) the attorney appointed to represent him at the jail call erroneously informed him that he could obtain his immediate release only by pleading guilty or no contest. Thus, concludes appellant, his no contest plea was the involuntary product of his unlawful incarceration and counsel's mistaken advice. The record fails to support either of the factual bases on which this argument rests.

Appellant refers us to an opinion stating that it would be an abuse of discretion to revoke bail merely because the defendant does not have an attorney. *Lee v. State*, 39 S.W.3d 373, 376 (Tex. App.—Houston [1st Dist.] 2001, no pet.). But even accepting appellant's testimony at face value, it shows only that his personal bond was revoked upon his third court appearance without counsel. It does not demonstrate that his bond was revoked *because* he was without counsel.[4] A judge or magistrate may order the arrest of a person released on bond for any good or sufficient cause and thereafter require him to give another bond in such amount as the judge or magistrate may deem proper. Tex. Code Crim. Proc. Ann. art. 19.09, § 3 (West 1977). Appellant did not demonstrate that the decision to revoke his personal bond in cause number 311014 was an abuse of this discretion. Perhaps, given appellant's inability or unwillingness over the course of eight months to hire an attorney, the county court at law concluded that the personal bond was insufficient because appellant would be unable or unwilling to pay $750 should he fail to appear.

---

[4] Eakins acknowledged that her testimony regarding the usual practices in the county courts at law was "all just a theory" in regard to appellant's case. She had no idea why appellant's bond was revoked.

4

There is even less support for appellant's assertion that he was told by counsel that he would be forced to remain in jail if he pleaded not guilty. As previously noted, appellant changed his testimony during cross-examination and said that this advice came from other jail inmates. In any event, appellant's assertion that the advice was erroneous is premised on his assumption that his incarceration was unlawful and that he would have been entitled to habeas corpus relief. As we stated above, the evidence does not show that appellant's incarceration was unlawful.

All pleas of guilty are the result of some pressures or influences on the mind of the defendant. The crucial issue is whether, under all the facts and circumstances, the plea was truly voluntary. *Gaither v. State*, 479 S.W.2d 50, 51 (quoting *Schnautz v. Beto*, 416 F.2d 214, 215-16 (5th Cir. 1969)). The mere fact that appellant's bail had been revoked did not render his guilty plea involuntary. *Lee*, 39 S.W.3d at 376. The judge who accepted appellant's no contest plea in cause number 311014 expressly found that the plea was knowingly and voluntarily made. Appellant's assertions to the contrary eleven years later do not, in themselves, prove the contrary. *See Disheroon v. State*, 687 S.W.2d 332, 334 (Tex. Crim. App. 1985) (defendant's mere assertions do not overcome recitals in judgment). Point of error one is overruled.

In points of error two and three, appellant contends he was denied his federal and state constitutional right to counsel in cause number 311014. *See* U.S. Const. amend. VI; Tex. Const. art. I, § 10. First, he asserts that the county court at law improperly refused to appoint counsel solely because he was free on personal bond. *See* Tex. Code Crim. Proc. Ann. art. 26.04(m) (West Supp. 2002) (court may not deny appointed counsel simply because defendant can post bail). Although Eakins testified that it was the usual practice in the county courts at law not to appoint counsel for

defendants who were released on personal bond, appellant himself testified that his initial request for appointed counsel was denied because the court determined that he was not indigent. We find no support in the record for the contention that appellant was denied appointed counsel in cause number 311014 solely because he was released on personal bond.

Appellant also complains that the county court at law made its indigency determination without affording him a hearing. In fact, appellant testified that the court "had me fill out a form stating my wages and my bills and all that." Appellant does not contend that this information form was inadequate or that the county court at law denied him an opportunity to present any facts relevant to the indigency issue. On this record, it appears that the county court at law provided appellant a fair opportunity to support his request for appointed counsel.

Appellant did not request appointed counsel until his third appearance before the county court at law. If this request was initially denied as appellant testified, it was later granted. Eva Eakins was appointed to represent appellant and was his attorney at the time he pleaded guilty. There is no showing that Eakins rendered ineffective assistance. Apparently, no court proceedings took place between the initial denial of counsel and Eakins's appointment. There is no evidence that appellant was prejudiced in any way by the delay in appointing counsel. The record does not support appellant's claim that he was denied his constitutional right to counsel. Points of error two and three are overruled.

Appellant did not carry his burden of persuasion in this collateral attack on his earlier conviction. The district court did not err by overruling the motion to transfer. The judgment of conviction is affirmed.

_____

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Puryear

Affirmed

Filed: February 28, 2002

Do Not Publish