Opinion issued on March 16, 2006






 



     





In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00839-CR




JOE LOUIS RODRIGUEZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 184th District Court
Harris County, Texas
Trial Court Cause No. 932931




MEMORANDUM OPINION
          Appellant, Joe Louis Rodriguez, was charged by indictment with the felony
offense of indecency with a child.


 He pleaded “no contest” without an agreed
recommendation, and the court found that there was sufficient evidence to
substantiate appellant’s guilt. After the preparation of a pre-sentence investigation
(PSI) report, the trial court found appellant guilty and sentenced him to 14 years’
confinement in the Texas Department of Criminal Justice, Institutional Division. 
Appellant presents five issues on appeal. 
          In his first issue, appellant argues that the trial court erred in accepting his plea
of no contest, where the trial court could not assess probation as punishment. In his
second and third issues, appellant argues that the trial court erred in considering the
PSI report prior to a formal finding of guilt. In his fourth and fifth issues, appellant
argues that the trial court erred in assessing his punishment at 14 years’ confinement
because the punishment violates his federal and state constitutional rights against
cruel and unusual punishment. We affirm.Involuntary Plea
          In his first issue, appellant contends that his plea of “no contest” was
involuntary and constitutionally invalid, because he mistakenly believed that the trial
court could assess community supervision probation as a sentencing option.
          A trial court may not accept a plea of guilty or no contest unless it appears that
the plea is made voluntarily and intelligently. Tex. Code Crim. Proc. Ann. art.
26.13(b) (Vernon 2005); Brady v. United States, 397 U.S. 742, 747-48, 90 S. Ct.
1463, 1468-69 (1970). We determine the voluntariness of an appellant’s guilty plea
by the totality of the circumstances, viewing the record as a whole. Griffin v. State,
703 S.W.2d 193, 196 (Tex. Crim. App. 1986) (utilizing totality of the circumstances
test); Lee v. State, 39 S.W.3d 373, 375 (Tex. App. —Houston [1st Dist.] 2001, no
pet.) (citing Williams v. State, 522 S.W.2d 483, 485 (Tex. Crim. App. 1975)
(voluntariness determined by reviewing record as a whole)). A finding that a
defendant was duly admonished creates a prima facie showing that his guilty plea was
entered knowingly and voluntarily. Martinez v. State, 981 S.W.2d 195, 197 (Tex.
Crim. App. 1998). A defendant may still raise the claim that his plea was not
voluntary; however, the burden shifts to the defendant to demonstrate that he did not
fully understand the consequences of his plea such that he suffered harm. Id. 
Accordingly, once an accused attests that he understands the nature of his plea and
that it was voluntary, he has a heavy burden to prove on appeal that his plea was
involuntary. See id. 
          In this case, appellant entered a plea of no contest at trial.


 Appellant also filed
a “Waiver of Constitutional Rights, Agreement to Stipulate and Judicial Confession”
and a second document entitled, “Admonishments.” The fact that appellant was duly
admonished creates a prima facie showing that his guilty plea was entered knowingly
and voluntarily. See id. Moreover, the record shows that the trial court advised
appellant on the range of punishment and informed him that the judge was entitled
to consider the full range as an appropriate punishment. See id. At the end of the PSI
hearing, the trial court also asked appellant whether anyone had promised or assured
him that he would receive deferred adjudication or community supervision. 
Appellant answered “no.” The trial court then asked whether there were any strong
hints or suggestions that he ought to expect to receive deferred adjudication or
community supervision, and, again, appellant answered “no.” Appellant now argues
that his plea was involuntary because he mistakenly believed that the trial court could
assess community supervision as a sentence option. Pursuant to Texas Code of
Criminal Procedure article 42.12 section 3g(1)(c), the trial court cannot assess 
community supervision as a sentencing option. See Tex. Code Crim. Proc. Ann. art.
42.12 § 3g(1)(c) (Vernon 2005). However, until a formal finding of guilt has been
made, the trial court may place a defendant on deferred adjudication. See Tex. Code
Crim. Proc. Ann. art. 42.12 § 5(a) (Vernon 2005). Community supervision requires
a finding of guilt and formal assessment of punishment, while deferred adjudication
does not. See Tex. Code Crim. Proc. Ann. art. 42.12, sec. 2(2) (Vernon 2005). 
Thus, appellant could have been sentenced to deferred adjudication before the court
entered a formal finding of guilt. It was only after this finding that the deferred
adjudication sentencing option became unavailable. See West v. State, 702 S.W.2d
629, 635 (Tex. Crim. App. 1986) (holding that defense counsel’s advice that court
would assess lower punishment and that defendant was eligible for deferred
adjudication did not render defendant’s guilty plea unknowing or involuntary.). 
Viewing the record as a whole, we hold that appellant has failed to overcome the
burden to demonstrate that his plea was involuntary. 
          We overrule appellant’s first issue. Review of PSI Report
          In his second and third issues, appellant contends that his due process rights
were violated and that his conviction is void under both the United States and Texas
Constitutions because the trial judge reviewed the PSI report prior to a formal finding
of guilt. See U.S. Const. amend. V, XIV; Tex. Const. art. I., § 19. Appellant cites
State ex rel. Turner v. McDonald, 676 S.W.2d 375 (Tex. Crim. App. 1984) and State
ex rel. Bryan v. McDonald, 662 S.W.2d 5 (Tex. Crim. App. 1983) for the proposition
that a conviction is void when the trial court reviews a defendant’s PSI report prior
to making a formal finding of guilt. Turner, 676 S.W.2d at 379, Bryan, 662 S.W.2d
at 7-8. Unlike in Turner and Bryan, here, appellant pleaded no contest. 
          The Code of Criminal Procedure provides that a trial court may not inspect a
PSI report and the contents of the report may not be disclosed to any person unless:
(1) the defendant pleads guilty or nolo contendere or is convicted of the offense or (2)
the defendant, in writing, authorizes the judge to inspect the report. Tex. Code Crim.
Proc. Ann. art. 42.12, sec. 9(c)(1) (Vernon 2005). Because appellant pleaded no
contest, the court’s review of the PSI report was not error. See Wissinger v. State,
702 S.W.2d 261, 263 (Tex. App.—Houston [1st Dist.] 1985, pet. ref’d). 
          Accordingly, we overrule appellant’s second and third issues.
Cruel and Unusual Punishment
          In his fourth and fifth issues, appellant contends that, in violation of his federal
and state constitutional rights against cruel and unusual punishment, the trial court
committed reversible error in assessing his punishment at 14 years’ confinement. 
Appellant did not raise these complaints in the trial court and, thus, has failed to
preserve them for appellate review. See Tex. R. App. P. 33.1(a)(1); Curry v. State,
910 S.W.2d 490, 496 (Tex. Crim. App. 1995) (cruel and unusual punishment
complaint not preserved). 
                    We overrule appellant’s fourth and fifth issues. 
Conclusion
          We affirm the judgment of the trial court.
                                                                       
                                                                        George C. Hanks, Jr.
                                                                        Justice

Panel consists of Justices Taft, Keyes, and Hanks.

Do not publish. Tex. R. App. P. 47.4.