Opinion issued July 27, 2006









Opinion issued July 27,
2006






 

 

 

 

 













 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-05-00957-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



LAKEATA NICOLE LILLIE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 179th District Court

Harris County, Texas

Trial Court Cause No. 998855

 








 



MEMORANDUM OPINION

 

          Lakeata
Nicole Lillie pleaded guilty to injury to a child[1]
without an agreed recommendation for sentencing.  After a pre-sentence investigation report
(“PSI”) was prepared, the trial court found Lillie guilty and assessed
punishment at forty-five years’ confinement. 
In one issue, Lillie contends her guilty plea was involuntary.  We affirm.

Factual and Procedural Background

          In
August 2004, police and paramedics were dispatched to Lillie’s apartment where
they found her six-year-old son, Johnnie, lying dead in his bed.  The autopsy revealed that Johnnie had bite marks
on his back, calf, and arm; severe bruising on his forearm and hand; and severe
hemorrhaging on both sides of his skull. 
The cause of death was blunt force trauma.

          The
State charged Lillie by indictment with one count of felony murder and one count
of injury to a child.  In May 2005,
Lillie appeared before the trial court and pleaded guilty to injury to a
child.  The State abandoned the felony murder
charge.  In conjunction with her plea,
Lillie signed admonishments indicating that she understood she was charged with
“the felony offense of felony injury to a child” and faced the first-degree felony
punishment range of life imprisonment or any term of imprisonment of not more
than ninety-nine years or less than five years. 
She also signed statements and waivers indicating that she fully understood
both the nature of the charge against her and the consequences of her plea, and
that she was pleading guilty freely and voluntarily.  The trial court accepted Lillie’s plea,
withheld a finding of guilt pending completion of the PSI, and reset the case
for sentencing.  At the subsequent
sentencing hearing, the court found Lillie guilty of injury to a child and
assessed punishment at forty-five years’ confinement.  The trial court certified Lillie’s right of
appeal.  See Tex. R. App. P. 25.2(a)(2).

Analysis

          On
appeal, Lillie contends her guilty plea was involuntary.  In assessing the voluntariness of a plea, we
review the record as a whole and consider the totality of the
circumstances.  Martinez v. State,
981 S.W.2d 195, 197 (Tex. Crim. App. 1998); Lee v. State, 39 S.W.3d 373,
375 (Tex. App.—Houston [1st Dist.] 2001, no pet.).  A trial court may accept a guilty plea only
if the defendant enters it freely and voluntarily.  Tex.
Code Crim. Proc. Ann. art. 26.13(b) (Vernon Supp. 2005).  An admonishment on punishment is prima facie
evidence that a plea was knowing and voluntary. 
Martinez, 981 S.W.2d at 197; Lee, 39 S.W.3d at 375.  The burden then shifts to the defendant to
show that she entered the plea without understanding the consequences thereof.  Martinez, 981 S.W.2d at 197; Lee,
39 S.W.3d at 375.  “A defendant’s
attestation of voluntariness at the original plea hearing imposes a heavy
burden on the defendant at a later hearing to show a lack of voluntariness.”  Dusenberry v. State, 915 S.W.2d 947,
949 (Tex. App.—Houston [1st Dist.] 1996, pet. ref’d).

          Here,
Lillie signed admonishments recognizing that (1) she was charged with “the
felony offense of felony injury to a child,” (2) she faced the first-degree
felony punishment range of life imprisonment or any term of imprisonment of not
more than ninety-nine years or less than five years, (3) she was mentally
competent, (4) she understood the nature of the charge against her, (5) she
understood the admonishments, (6) she fully understood the consequences of her
plea, (7) she understood English, and (8) her plea was freely and voluntarily
made.  These statements are prima facie
evidence that Lillie entered her plea knowingly and voluntarily.  Lee, 39 S.W.3d at 375.  Hence, the burden shifts to Lillie to show that
she did not understand the consequences of her plea.  Id.

          Lillie
contends her plea was involuntary because the indictment alleges that she “intentionally,
knowingly and recklessly cause[d] serious bodily injury to [her son],” and
nothing in the record indicates that she understood she was pleading guilty to
a first-degree felony (i.e., intentionally or knowingly causing serious
bodily injury to a child), as opposed to a second-degree felony (i.e.,
recklessly causing serious bodily injury to a child).  Tex.
Pen. Code Ann. § 22.04(e) (Vernon Supp. 2005).  To support her assertion, Lillie points to a
letter she wrote to the trial court after her sentence was pronounced in which
she states that she “didn’t intentionally, knowling [sic], and willingly hurt
[her] son,” but rather did so while sleepwalking.  Lillie wrote, “I didn’t mean to hurt my
son.  It was an accident.  I was sleepwalking. . . .  I am so sorry about what happened to my
Baby.  I didn’t know what I was
doing.”  Lillie reasons that if she knew
she suffered from sleepwalking, or had committed violent acts while asleep in
the past, then she committed the offense recklessly because she injured her son
while aware of, but consciously disregarding, a substantial risk that violent
conduct could occur while she was sleepwalking. 
See id. § 6.03(c) (Vernon 2003) (defining recklessness).  She therefore asserts that her guilty plea
was involuntary because nothing in the record affirmatively indicates that she
understood she was pleading guilty to intentionally or knowingly—as opposed to
recklessly—causing serious bodily injury to her son.

          The
Corpus Christi Court of Appeals considered a similar argument in Garcia v.
State, 877 S.W.2d 809 (Tex. App.—Corpus Christi 1994, pet. ref’d).  In that case, Garcia had pleaded guilty to an
indictment alleging that he “intentionally or knowingly caus[ed] the death of
another.”  Id. at 812.  On appeal, Garcia asserted that his plea was
involuntary because the record failed to show that he knowingly pleaded guilty
to murder instead of voluntary manslaughter.[2]  Id. 
He pointed to record evidence raising inferences of voluntary
manslaughter and urged that “the record must affirmatively show he understood
the distinction between the offenses.”  Id.  The court of appeals rejected Garcia’s
argument, noting that “[h]e never contended in the trial court that his plea
was entered involuntarily.”  Id.  Nor did he present evidence to show that he
misunderstood the consequences of his plea. 
Id.  Though the trial court
never explicitly informed Garcia that he was charged with murder, the court
correctly admonished Garcia regarding the punishment range for a first-degree
felony.  Id.  Hence, the court of appeals concluded that
Garcia’s plea was voluntary.  Id.

          Here,
as in Garcia, Lillie “never contended in the trial court that h[er] plea
was entered involuntarily.”  Id.  In fact, though she wrote a letter to the trial
court, she did not attack the voluntariness of her plea—nor did she assert that
she did not understand the consequences of her plea.  See id.; see also Costilla v. State,
84 S.W.3d 361, 364–65 (Tex. App.—Beaumont 2002), aff’d, 146 S.W.3d 213
(Tex. Crim. App. 2004) (holding appellant failed to meet burden of
showing he entered guilty plea without understanding consequences thereof when,
among other things, letter he wrote to trial court did not mention plea
hearing).  Moreover, there is no
indication in the record that Lillie knew she suffered from sleepwalking, or that
she had committed violent acts while asleep in the past.  Thus, the record does not support Lillie’s
contention that she committed the offense recklessly and therefore intended to
plead guilty only to a second-degree felony. 
See Garcia, 877 S.W.2d at 812, 814 (noting that, although
Garcia asserted he intended to plead guilty to voluntary manslaughter rather
than murder, evidence in record did not support voluntary manslaughter).

          To
the contrary, as in Garcia, Lillie was “correctly informed . . . on the
punishment range for a first degree felony.” 
Id. at 812.  The written
admonishments stated that she was charged with felony injury to a child and, if
convicted, “face[d] the following range of punishment: . . . FIRST DEGREE
FELONY: a term of life or any term of not more than 99 years or less than 5
years in the Institutional Division of the Texas Department of Criminal Justice
. . . .”  The admonishments instructed
Lillie to initial each item if she fully understood it; Lillie initialed the
paragraph explaining the punishment range for a first-degree felony.  She also initialed the paragraphs stating
that she fully understood both the nature of the charge against her and the
consequences of her plea, and that she was pleading guilty freely and
voluntarily.  The record therefore shows
that Lillie was fully admonished as to the consequences of her guilty plea.  As such, we conclude that her plea was
voluntary.  See State v. Jimenez,
987 S.W.2d 886, 888 (Tex. Crim. App. 1999) (“Generally, a guilty plea is
considered voluntary if the defendant was made fully aware of the direct
consequences.”); Garcia, 877 S.W.2d at 812; see also Terry v. State,
681 S.W.2d 136, 137–38 (Tex. App.—Houston [14th Dist.] 1984, pet. ref’d) (where
trial court, in admonishing appellant as to statutory definition of theft, did
not state that amount stolen exceeded $10,000, which raised offense from third-
to second-degree felony, nevertheless upholding propriety of admonishment
because court delineated proper punishment range for second-degree felony, and
appellant responded that he understood full punishment range).  Accordingly, we hold that Lillie has not met
her heavy burden of overcoming the presumption of regularity of the judgment
and proceedings.  See Lee, 39
S.W.3d at 375–76.

 

 

 

Conclusion

          We
conclude that Lillie entered her guilty plea knowingly and voluntarily.  We therefore affirm the judgment of the trial
court.

          

 

                                                          Jane
Bland

                                                          Justice

 

Panel consists of Justices Keyes,
Alcala, and Bland.

Do not publish.  Tex.
R. App. P. 47.2(b).











[1] See Tex. Pen. Code Ann. § 22.04(a)(1)
(Vernon Supp. 2005).





[2] At the time Garcia entered his plea, murder—a
first-degree felony—was defined as “intentionally or knowingly caus[ing] the
death of an individual[.]”  Act of May
23, 1973, 63rd Leg., R.S., ch. 426, art. 2, § 1, sec. 19.02(a)(1), (b), 1973
Tex. Gen. Laws 1122, 1123, amended by Act of May 8, 1993, 73rd Leg.,
R.S., ch. 900, § 1.01, sec. 19.02(b)(1), (c), 1993 Tex. Gen. Laws 3586, 3613.  Voluntary manslaughter—a second-degree
felony—was defined as intentionally or knowingly causing the death of an
individual “under the immediate influence of sudden passion arising from an
adequate cause.”  Act of May 23, 1973,
63rd Leg., R.S., ch. 426, art. 2, § 1, sec. 19.04(a), (d), 1973 Tex. Gen. Laws
1122, 1124, amended by Act of May 8, 1993, 73rd Leg., R.S., ch. 900, §
1.01, secs. 19.02(d), 19.04, 1993 Tex. Gen. Laws 3586, 3613–14.