

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-07-082-CR

ANTHONY RAY GREEN            APPELLANT
A/K/A ANTHONY R. GREEN

V.

THE STATE OF TEXAS            STATE

-----------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

-----------

## MEMORANDUM OPINION[1]

-----------

Anthony Ray Green a/k/a Anthony R. Green appeals from his conviction

for failure to register as a sex offender,[2] enhanced by a prior conviction for the

same offense.  We affirm.

---

[1] *See* TEX. R. APP. P. 47.4.

[2] The statute defining the offense is titled "Failure to Comply with Registration Requirements."  TEX. CODE CRIM. PROC. ANN. art. 62.102 (Vernon 2006).

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel avers that, in his professional opinion, this appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California*[3] by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. Although appellant was given an opportunity to file a brief, he has not done so.

Once an appellant's court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record.[4] Only then may we grant counsel's motion to withdraw.[5] Because appellant entered an open plea of guilty, our independent review for potential error is limited to potential jurisdictional defects, the voluntariness of appellant's

---

[3] 386 U.S. 738, 87 S. Ct. 1396 (1967).

[4] *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.).

[5] *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

plea, error that is not independent of and supports the judgment of guilt, and error occurring after entry of the guilty plea.[6]

We have carefully reviewed counsel's brief and the clerk's record.[7] We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that arguably might support the appeal.[8] Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL F: CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED: May 8, 2008

---

[6] *See Monreal v. State*, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); *Young v. State*, 8 S.W.3d 656, 666–67 (Tex. Crim. App. 2000).

[7] There is no reporter's record because appellant waived the attendance of the court reporter. *See Word v. State*, 206 S.W.3d 646, 651–52 (Tex. Crim. App. 2006) (holding that it is appellant's burden to present a record showing properly preserved, reversible error); *Lee v. State*, 39 S.W.3d 373, 375 n.1 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (holding that when appellant waives the presence of a court reporter, the absence of a reporter's record will not be grounds for reversal).

[8] *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *accord Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).