COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-082-CR

 

 

ANTHONY RAY GREEN                                                        APPELLANT



A/K/A
ANTHONY R. GREEN

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 213TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Anthony Ray Green a/k/a
Anthony R. Green appeals from his conviction for failure to register as a sex
offender,[2]
enhanced by a prior conviction for the same offense.  We affirm.








Appellant=s court-appointed appellate counsel has filed a motion to withdraw as
counsel and a brief in support of that motion. 
In the brief, counsel avers that, in his professional opinion, this
appeal is frivolous.  Counsel=s brief and motion meet the requirements of Anders v. California[3]
by presenting a professional evaluation of the record demonstrating why there
are no arguable grounds for relief. 
Although appellant was given an opportunity to file a brief, he has not
done so.  








Once an appellant=s court-appointed counsel files a motion to withdraw on the ground
that the appeal is frivolous and fulfills the requirements of Anders,
this court is obligated to undertake an independent examination of the record.[4]  Only then may we grant counsel=s motion to withdraw.[5]  Because appellant entered an open plea of
guilty, our independent review for potential error is limited to potential
jurisdictional defects, the voluntariness of appellant=s plea, error that is not independent of and supports the judgment of
guilt, and error occurring after entry of the guilty plea.[6]

We have carefully reviewed
counsel=s brief and the clerk=s record.[7]  We agree with counsel that this appeal is
wholly frivolous and without merit; we find nothing in the record that arguably
might support the appeal.[8]  Accordingly, we grant counsel=s motion to withdraw and affirm the trial court=s judgment.

 

PER CURIAM

PANEL F: 
CAYCE, C.J.;  LIVINGSTON and
MCCOY, JJ.

DO NOT PUBLISH        

Tex. R. App. P. 47.2(b)

 

DELIVERED: 
May 8, 2008                           











[1]See Tex. R. App. P. 47.4.





[2]The
statute defining the offense is titled AFailure to Comply with
Registration Requirements.@  Tex.
Code Crim. Proc. Ann. art. 62.102 (Vernon 2006).





[3]386
U.S. 738, 87 S. Ct. 1396 (1967).





[4]See
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); Mays
v. State, 904 S.W.2d 920, 922B23 (Tex. App.CFort
Worth 1995, no pet.).





[5]See
Penson v. Ohio, 488 U.S. 75, 82B83,
109 S. Ct. 346, 351 (1988). 





[6]See
Monreal v. State, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); Young
v. State, 8 S.W.3d 656, 666B67 (Tex. Crim. App. 2000).





[7]There
is no reporter=s
record because appellant waived the attendance of the court reporter.  See Word v. State, 206 S.W.3d 646, 651B52
(Tex. Crim. App. 2006) (holding that it is appellant=s
burden to present a record showing properly preserved, reversible error); Lee
v. State, 39 S.W.3d 373, 375 n.1 (Tex. App.CHouston
[1st Dist.] 2001, no pet.) (holding that when appellant waives the presence of
a court reporter, the absence of a reporter=s record will not be grounds
for reversal). 





[8]See
Bledsoe v. State, 178 S.W.3d 824, 827B28
(Tex. Crim. App. 2005); accord Meza v. State, 206 S.W.3d 684, 685
n.6 (Tex. Crim. App. 2006).