Opinion issued November 10, 2010

 

                                                          



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 
01-09-00763-CR

————————————

ANGELA A. LARA, Appellant

V.

The State of Texas, Appellee

 

 



On Appeal from 268th District Court

Fort Bend County, Texas

Trial Court Cause No. 48501

 

 



MEMORANDUM OPINION

 

          The State indicted appellant, Angela
A. Lara, for capital murder.  See Tex. Penal Code Ann. § 19.03(a)(2) (Vernon Supp. 2009).  She pleaded guilty without an
agreed recommendation to the lesser-included offense of aggravated
robbery.  See Tex. Penal Code Ann.
§§ 29.02, 29.03 (Vernon 2003).  After a
presentence investigation report and sentencing hearing, the trial court
assessed her punishment at 50 years’ confinement in the Institutional Division
of the Texas Department of Criminal Justice.  On appeal, Lara contends that (1) her plea was
involuntary because her counsel led her to believe that she would receive no
more than 30 years’ confinement; and (2) she received ineffective assistance of
counsel when defense counsel called a witness who testified negatively to the
defense.  We conclude that Lara has not
shown a basis for withdrawal of the plea, nor that her counsel was ineffective.  We therefore affirm.  

Background

Lara and
two accomplices, Marwan Saeed and Kevin Cypher, planned and executed a robbery
that led to the murder of Martha Fields. 
Lara convinced a friend to rent a get-away van in which she drove Cypher
and Saeed to survey the Fieldses’ home. 
She again drove them to the house on the day of the robbery and
murder.  Once inside the home, Cypher
tied Fields to her refrigerator and Saeed stabbed her.  

          The State offered Lara and Cypher a
plea bargain: 30 years’ confinement in exchange for pleading guilty to the lesser-included
offense of aggravated robbery.  Lara
rejected the State’s offer.  Cypher
accepted it.  The State rejected Lara’s
counter-offer for 25 years in exchange for a guilty plea.  

A week later, Lara pleaded guilty to aggravated
robbery without any agreed recommendation. 
At the plea hearing, the trial court admonished Lara orally as well as
in writing about the consequence of her guilty plea, and that it could consider
the full range of punishment.  The trial
court ordered a presentence investigation (PSI) report and conducted a hearing
before assessing punishment.  The State
admitted the offense report and called witnesses who testified as to victim
impact and Lara’s disciplinary violations in prison for possession of medications,
razor blades, and a watch.  Lara called
family members and co-workers to testify to her good character.  Lara also called Texas Ranger David Maxwell
to testify to her minimal involvement in the crime, in that she never entered
the Fieldses’ home.  Trooper Maxwell also
testified as follows:

The crime was
actually put together by Marwan Saeed and Angela Lara . . . Angela was involved
in the renting of the van that they used to commit the crime.  She was present during conversations about
what they actually were going to do.  She
was present during the entire planning and execution of the offence. 

 

Trooper Maxwell further testified that Lara drove her accomplices to the
Fieldses’ home on two separate occasions and helped them get past security in
the gated community.  After considering
the PSI evidence, the trial court assessed punishment at 50 years’ confinement.

Lara filed a motion for new trial, challenging the
voluntariness of her plea under Rules 21.3(b) and (h) of the Texas Rule of
Appellate Procedure.  See Tex.
R. App. P. 21.3(b), (h).   Defense counsel testified to Lara’s surprise
over the 50 year sentence and counsel’s strategy for calling Trooper Maxwell to
testify.  Counsel testified that she
fully reviewed the written admonishments with Lara and “grilled” her to ensure
she understood the consequences of her plea. 
Counsel explained to Lara that the full range of punishment was
available to the trial court.  Counsel
did not promise Lara any cap on punishment. 
Counsel testified that one of the State’s attorneys told her he would
only ask for 30 years’ confinement as the plea papers were being prepared.  The trial court denied Lara’s motion for new
trial, expressly finding Lara’s plea to be given freely, intelligently, and
voluntarily. 

Involuntary
Plea

Lara contends that her plea was involuntary because
both her trial counsel and the State led her to believe her punishment would be
capped at 30 years’ confinement.  

A.      Standard of Review

In assessing the voluntariness of a
plea, we review the record as a whole and consider the totality of the
circumstances. Griffin v. State,
703 S.W.2d 193, 196 (Tex. Crim. App. 1986); Lee v. State, 39 S.W.3d 373, 375 (Tex. App.—Houston
[1st Dist.] 2001, no pet.); Edwards
v. State, 921 S.W.2d 477,
479 (Tex. App.—Houston [1st Dist.] 1996, no pet.).  A trial court may accept a guilty plea only
if the defendant enters it freely and voluntarily. Tex. Code Crim. Proc. Ann. art. 26.13(b) (Vernon Supp. 2010).

A record indicating that the trial
court properly admonished the defendant presents a prima facie showing that the
guilty plea was made voluntarily and knowingly. 
Starz v. State, 309 S.W.3d
110, 117 (Tex. App.—Houston [1st Dist.] 2009, pet. ref’d) (citing Martinez
v. State, 981 S.W.2d 195,
197 (Tex. Crim. App. 1998)).  If the
record presents such a showing, then the burden shifts to the defendant to show
that he entered the plea without understanding the consequences.  Id.  An accused who attests that he understands
the nature of his guilty plea and that it is voluntary has a heavy burden on
appeal to show that his plea was involuntary. 
Id.; Dusenberry v.
State, 915 S.W.2d 947, 949 (Tex. App.—Houston [1st Dist.] 1996, pet.
ref’d).  A guilty plea based on erroneous
information conveyed by trial counsel to the defendant is involuntary.  Labib v. State, 239 S.W.3d 322, 333
(Tex. App.—Houston [1st Dist.] 2007, no pet.); Fimberg v. State, 922 S.W.2d 205, 207 (Tex. App.—Houston
[1st Dist.] 1996, pet. ref’d).  However,
a trial court may reject the defendant’s uncorroborated testimony that he was
misinformed by counsel.  Starz, 309 S.W.3d at 118; Fimberg, 922 S.W.2d at 208.          

          B.      Analysis

          Lara contends that she believed there
was a 30 year cap on her punishment, though no formal agreement was in place,
because defense counsel advised her that it was unlikely that she would receive
more than 30 years in prison.  Counsel
based her advice on Lara’s minimal involvement in the crime and the 30 year
plea bargain offered to her co-defendant. 
Neither she nor her counsel believed she deserved more than 30
years.  

But Lara’s
counsel and the trial court warned her of the consequences of her plea.  Counsel testified Lara understood there was
no cap on punishment, but believed she deserved less than 30 years.  Counsel characterized the decision to plead
without any recommendation as a calculated risk.  Lara fails to point to any erroneous
information counsel provided that affected her decision to plead guilty without
an agreed recommendation.  As the trial
court stated at the motion for new trial, “I think the best summation was that
she was shocked at the sentence she received, but that doesn’t mean that there
was a representation or misunderstanding that the full range of punishment was
available to the Court.”  We hold that
the record supports the trial court’s determination that Lara understood the
consequences of her plea.  

Ineffective Assistance of Counsel

Lara
further contends she received ineffective assistance of counsel because her
attorney called a witness at the punishment hearing who could only testify
negatively to her defense.  

A.      Standard of Review

To show ineffective assistance of
counsel, a defendant must demonstrate both (1) that his counsel’s performance
fell below an objective standard of reasonableness; and (2) that there is a
reasonable probability that, but for counsel’s unprofessional errors, the
result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687–88, 694, 104
S.Ct. 2052, 2064, 2068 (1984); Andrews v. State, 159 S.W.3d 98, 101–02 (Tex. Crim. App. 2005).  A defendant has the burden to establish both
of these prongs by a preponderance of the evidence, and a failure to make
either showing defeats his ineffectiveness claim.  Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim.
App. 2002).  We presume that counsel’s
conduct falls within the wide range of reasonable professional assistance, and
we will find counsel’s performance deficient only if the conduct is so
outrageous that no competent attorney would have engaged in it. Andrews,
159 S.W.3d at 101.  Any allegation of
ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness. Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).


B.      Analysis

          At the punishment hearing, Trooper
Maxwell testified that Lara actively participated in planning the robbery and
was responsible for procuring the van, driving her accomplices to the Fieldses’
home for surveillance and the robbery, and hiding them from security in the
gated community during the robbery.  Lara
asserts that, besides Trooper Maxwell’s testimony, no other evidence showed
Lara was involved in planning the crime or getting past security.  The State argues the offense report admitted
into evidence similarly demonstrates Lara’s involvement.

We agree
Trooper Maxwell’s testimony was not the only evidence of Lara’s
involvement.  The offense report
demonstrated Lara was chiefly responsible for renting the van, drove the
get-away car, and took her accomplices to the Fieldses’ home twice.  Thus, Trooper Maxwell’s negative testimony
was cumulative of other evidence introduced at the sentencing hearing.  

Even if
counsel’s performance fell below an objective standard of reasonableness, Lara
fails to show that the result of the sentencing hearing would have been
different.  The State presented evidence
of the particular violence of the crime, Lara’s lack of cooperation with law
enforcement, and Lara’s disciplinary violations while in prison.  The State adduced other evidence of 
Lara’s involvement.  The trial court
assessed punishment well within the statutory range.  Lara fails to show that the trial court would
have assessed a lighter sentence without Trooper Maxwell’s testimony.  We hold that the State presented sufficient
additional evidence beyond Trooper Maxwell’s testimony to justify the
punishment assessed, and thus Lara cannot satisfy the second prong of Strickland.  See Andrews, 159 S.W.3d at 101.  

Conclusion

          We conclude that Lara failed to show
that her plea was involuntary or that counsel’s performance caused the trial
court to impose an overly harsh sentence. We therefore affirm the judgment of
the trial court.  

 

 

                                                          Jane
Bland                                                                                                          Justice


 

Panel consists of Chief Justice
Radack and Justices Bland and Massengale.

Do not publish.   Tex. R. App. P. 47.2(b).