**AFFIRM; and Opinion Filed July 10, 2013.**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

---

**No. 05-12-00708-CR**
**No. 05-12-00709-CR**

---

**JOSE TORREZ-IZAGUIRRE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the Criminal District Court No. 4**
**Dallas County, Texas**
**Trial Court Cause Nos. F10-58464-K and F10-58465-K**

---

## MEMORANDUM OPINION

Before Justices Moseley, O'Neill, and Lewis
Opinion by Justice Lewis

Jose Torrez-Izaguirre pleaded nolo contendere to two charges of aggravated sexual assault of a child under fourteen years of age. After accepting appellant's pleas, the trial court assessed his punishment at forty-five years' confinement and a fine of $1000 in each case. Because the issues in this appeal involve the application of well-settled principles of law, we issue this memorandum opinion. *See* TEX. R. APP. P. 47.4. We affirm the trial court's judgments.

### Background

Appellant was staying with a friend's family while he looked for work. After his friend's wife walked in on appellant sexually assaulting her thirteen-year-old son, appellant was charged with two counts of aggravated sexual assault of a child under the age of fourteen. Appellant

waived a jury and entered open pleas of nolo contendere to each charge. Two months later, after a pre-sentencing investigation was conducted, the complaining witness and his mother testified at the punishment trial. After their testimony, defense counsel called appellant to the stand, but he refused to take the oath and did not testify. When the trial court invited "brief arguments," appellant's attorney stated:

> Judge, the Court's heard the evidence. We'd – we'd leave it to the discretion of the Court and ask the Court to do the appropriate thing.

The trial court thanked him, and then the State's attorney delivered her argument. When asked if he had anything more to say, defense counsel answered, "Judge, we've already argued," and then stated he did not. The court found appellant guilty and assessed his punishment at forty-five years' confinement and a fine of $1000 in each case. The judge asked whether there was any reason under law not to pronounce sentence, and defense counsel stated there was not.

The following day, the trial court held another hearing, at defense counsel's request, to explain appellant's appeal rights to him. When told the court would appoint an attorney for his appeal, appellant responded:

> It would be very good. When you have an attorney to defend you, and not to bring you where you don't know anything that's going on, because it's the first time that I'm in a place like this. And I think that – that – I think that if they give you an attorney, it's to help you, not just to take you to a slaughter house.

After signing the necessary paperwork for appellate counsel, appellant asked to speak again and said:

> I spoke with my attorney, with him, and we had an agreement. He knows it very well. But when we were going to do what we had spoken about, there was no agreement about yesterday. And you know that when they assign you an attorney, it's for him to help you. And I was very happy but, you know, when you're in a problem, you don't want to be in that problem.
>
> And we had spoken about something and I thought that was going to happen yesterday, but I was very surprised yesterday. Very surprised.

Appellant's counsel stated on the record that he had no agreement with appellant concerning the outcome of the open plea and that he had explained all the potential outcomes to appellant. He stated that appellant chose the open plea over trial.

In this Court, appellant raises two issues. Both appellate issues contend appellant did not make his nolo contendere pleas voluntarily. We review the voluntariness of a plea in light of the totality of the circumstances. *See Griffin v. State*, 703 S.W.2d 193, 196 (Tex. Crim. App. 1986).

### Preservation of Issues

At the threshold, our review of the record establishes appellant did not attempt to withdraw his plea before the trial court. Other than matters involving "fundamental constitutional systemic requirements," a complaint must be preserved in the trial court for our review. *Ibarra v. State*, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999). Appellant argues that the issue of the voluntariness of his plea cannot be waived and is subject to our review when raised for the first time in this Court. We disagree. Issues of the voluntariness of a guilty plea do not involve the "fundamental" requirements addressed in *Ibarra*. *Mendez v. State*, 138 S.W.3d 334, 339 n. 5 (Tex. Crim. App. 2004). Thus, we conclude appellant waived any complaint relating to the voluntary nature of his pleas by failing to request their withdrawal through timely objection or motion for new trial. *See id.*

We conclude further that if we were to address appellant's issues, neither would be successful on the merits.

### Expectation of Probation

In his first issue, appellant contends his plea in each case was not knowing and voluntary because he entered the pleas believing the trial court would grant him probation. This issue lacks merit both factually and legally. As to the factual background for this argument, we find no discussion—indeed, no mention—of probation in the record of appellant's plea hearings.

Instead, the record indicates appellant was properly admonished and that he was surprised and displeased at the sentence imposed by the trial court. We find nothing in the record that supports appellant's contention that he believed he would receive a probated sentence.

But even if appellant did believe he would receive a probated sentence, his arguments fail on legal grounds as well. A plea of nolo contendere may be accepted by a court if the plea is freely and voluntarily entered. *See Lee v. State,* 39 S.W.3d 373, 375 (Tex. App.–Houston [1st Dist.] 2001, no pet.). A guilty plea is not rendered involuntary because the actual sentence imposed exceeds the defendant's expectations. *See West v. State*, 702 S.W.2d 629, 633 (Tex. Crim. App. 1986). Instead, the question is whether the defendant was properly informed of the consequences of his plea. *See Martinez v. State*, 981 S.W.2d 195, 196–97 (Tex. Crim. App. 1998). A record that shows the trial court properly admonished the defendant constitutes a prima facie showing the defendant entered into a knowing and voluntary plea. *Id.* at 197. The burden then shifts to the defendant to show he entered the plea without fully understanding its consequences. *Id.*

In this case, appellant was properly admonished—both in writing and orally by the judge—concerning the range of punishment for his offenses. Appellant stated he understood the charges against him and the range of punishment. He stated he had gone over the indictments and discussed the facts of his case with his attorney. And he stated he had gone over all of the plea papers he had signed and understood the rights he was giving up in those documents. Nothing in the record suggests he failed to comprehend any aspect of the proceedings. We conclude appellant has not met his burden of showing he did not understand the consequences of his plea. *See id.*

We overrule appellant's first issue.

**Ineffective Assistance of Counsel**

In his second issue, appellant contends his nolo contendere pleas were rendered involuntary by ineffective assistance of counsel. Appellant's specific complaint is that his trial counsel failed to present meaningful effective closing arguments on appellant's behalf. We evaluate the effectiveness of counsel under the standard enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Hernandez v. State*, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999). To prevail on an ineffective assistance claim, an appellant must show (1) counsel's performance fell below an objective standard of reasonableness, and (2) a reasonable probability exists that, but for trial counsel's errors, the result would have been different. *Strickland*, 466 U.S. at 687–88, 694.

In the context of a guilty or nolo contendere plea, an appellant satisfies the second prong of the *Strickland* test if he shows there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty; he would have insisted on going to trial. *Ex parte Moody*, 991 S.W.2d 856, 857–58 (Tex. Crim. App. 1999). But in this case appellant does not argue he would not have pleaded nolo but for his attorney's trial tactics; he argues he might have received a shorter sentence. Indeed, appellant had entered his pleas two months before the sentencing proceeding at which his attorney decided not to make a substantive closing argument. There is no possibility that, but for that decision, appellant would not have pleaded guilty and would have insisted on going to trial. Thus, appellant's plea was not rendered involuntary by his attorney's conduct at the sentencing proceeding. *See id.*

Finally, even if we were to review appellant's argument concerning the closing argument as a pure *Strickland* claim, rather than one linked to the voluntariness of his plea, our conclusion would not be different. Any allegation of ineffectiveness must be firmly founded in the record. *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005). We indulge a strong presumption that defense counsel's conduct falls within the wide range of reasonable, professional assistance

and that the challenged actions might be considered sound trial strategy. *Jackson v. State,* 877 S.W.2d 768, 770–71 (Tex. Crim. App. 1994). The defendant must prove by a preponderance of the evidence that there is, in fact, no plausible professional reason for a specific act or omission. *Bone v. State,* 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). In most cases, a silent record that provides no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance. *Thompson v. State,* 9 S.W.3d 808, 813–14 (Tex. Crim. App. 1999).

The right to effective assistance of counsel extends to closing arguments. *Yarborough v. Gentry*, 540 U.S. 1, 5–6 (2003). However, we give particular deference to counsel's decisions concerning his closing arguments; legitimate defense strategies can range broadly at that point in the trial. *Id*. at 6. "Indeed, it might sometimes make sense to forgo closing argument altogether." *Id.* Although appellant filed a motion for new trial, his motion did not allege he received ineffective assistance of counsel at trial. There was no hearing on the motion for new trial; counsel was not given an opportunity to explain his actions or trial strategy. Because the record is silent regarding any explanation for trial counsel's actions, we cannot conclude appellant has met his burden to overcome the strong presumption of reasonable assistance. *See Freeman v. State*, 125 S.W.3d 505, 506 (Tex. Crim. App. 2003) ("The record in this case is insufficient to support the conclusion [that appellant received ineffective assistance of counsel] because appellant did not develop a record in the trial court for the purpose of establishing this claim.").

For all of these reasons, we overrule appellant's second issue.

## Conclusion

We have decided both of appellant's issues against him. Considering the totality of the circumstances, we conclude his pleas were given voluntarily.

We affirm the judgments of the trial court.

/David Lewis/
_____
DAVID LEWIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47


120708F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOSE TORREZ-IZAGUIRRE, Appellant

No. 05-12-00708-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 4, Dallas County, Texas
Trial Court Cause No. F10-58464-K.
Opinion delivered by Justice Lewis.
Justices Moseley and O'Neill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 10th day of July, 2013.

/David Lewis/

DAVID LEWIS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOSE TORREZ-IZAGUIRRE, Appellant

No. 05-12-00709-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 4, Dallas County, Texas

Trial Court Cause No. F10-58465-K.

Opinion delivered by Justice Lewis.

Justices Moseley and O'Neill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 10th day of July, 2013.

/David Lewis/

DAVID LEWIS
JUSTICE