NUMBERS 13-09-308-CR
AND 13-09-309-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI - EDINBURG  

                                                                                                                     


 

JOE MANUEL REYES,                                                                Appellant,

 

v.

 

THE STATE OF
TEXAS,                                     Appellee.

                                                                                                   
  

 

On appeal from the 117th
District Court 

of Nueces County,
Texas.

                                                                                                                     


 

MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Benavides and Vela  

Memorandum Opinion by
Justice Vela

                                                                                                                                    

            In cause no. 13-09-308-CR,
appellant, Joe Manuel Reyes, was indicted for burglary of a habitation with
intent to commit theft (count 1), see Tex.
Penal Code Ann. § 30.02(a)(1) (Vernon 2003), and two counts of theft of
property valued at less than $1,500 (counts 2 and 3).  See id. §
31.03(e)(3) (Vernon Supp. 2010).  The theft offenses were enhanced by two prior
misdemeanor theft convictions,[1]
and the indictment alleged that Reyes had a previous felony conviction for
aggravated robbery.  Without a plea agreement, Reyes pleaded:  (1) guilty to
the burglary offense; (2) guilty to one count of theft;[2]
(3) true to the enhancement allegation that he had two prior misdemeanor theft
convictions; and (4) true to the enhancement allegation that he had a previous
felony conviction.  The trial court assessed punishment at twenty years’
imprisonment for the burglary conviction and ten years’ imprisonment for the
theft conviction.  The trial court ordered the sentences to run concurrently.

In cause no. 13-09-309-CR, Reyes was
indicted for one count of theft of property valued at less than $1,500,
enhanced by two prior misdemeanor theft convictions.  The indictment also
alleged that Reyes had two previous felony convictions; i.e., aggravated
robbery with a deadly weapon and burglary of a building.  Without a plea
agreement, Reyes pleaded guilty to the theft offense, and he pleaded true to
the enhancement allegation that he had two prior misdemeanor theft
convictions.  He also pleaded true to the two prior felony convictions;
however, the primary offense was punished as a third-degree felony because
defense counsel and the prosecutor agreed that the first felony conviction was
not final at the time the second felony offense was committed.  The trial court
sentenced Reyes to ten years’ imprisonment to run concurrently with the
sentence imposed in cause no. 13-09-308-CR.

In three issues, Reyes argues that the
trial court (1) failed to properly admonish him, (2) improperly changed one of
the indictments, and (3) erroneously accepted the enhancement paragraph in
cause no. 13-09-308-CR.  We affirm.

I. Discussion

            In issue one, Reyes argues his plea was
involuntary because the trial court failed to properly admonish him about the
punishment range.  The document entitled “Court’s
Written Admonishments To Defendant On Defendant’s Plea Of Guilty Or Nolo
Contendere” (referred to as the Written Admonishments) contains a series
of boxes placed next to the punishment range for each degree of felony.  While
“x” marks appear in the boxes associated with the enhancement portions, there
are no marks in the boxes concerning the punishment range associated with any
particular degree of felony offense.  Reyes argues that the written
admonishments concerning the punishment range “are not checked off or marked in
any way to show proof that [he] actually went over and understood those
portions.”

A. Applicable Law

The Texas Code of Criminal Procedure
provides that a trial court may accept a guilty plea only if the defendant
enters it freely and voluntarily.  Tex.
Code Crim Proc. Ann. art. 26.13(b) (Vernon Supp. 2010).  “Voluntariness
of a plea is determined by the totality of the circumstances.”  Lee v. State,
39 S.W.3d 373, 375 (Tex. App.–Houston [1st Dist.] 2001, no pet.); see
Edwards v. State, 921 S.W.2d 477, 479 (Tex. App.–Houston [1st Dist.] 1996,
no pet.) (citing Griffin v. State, 703 S.W.2d 193, 196 (Tex. Crim. App.
1986)).  “A record indicating that the trial court properly admonished the
defendant about a guilty plea presents a prima facie showing that the guilty
plea was made voluntary and knowingly.”  Ex parte Tomlinson, 295 S.W.3d
412, 419 (Tex. App.–Corpus Christi 2009, no pet.) (citing Martinez v. State,
981 S.W.2d 195, 197 (Tex. Crim. App. 1998)).  “Under these circumstances, the
burden shifts to the defendant to show that he entered the plea without
understanding the consequences.”  Id.  “’An accused who attests when he
enters his plea of guilty that he understands the nature of his plea and that
it is voluntarily has a heavy burden on appeal to show that his plea was
involuntary.’”  Id. (quoting Arreola v. State, 207 S.W.3d 387,
391 (Tex. App.–Houston [1st Dist.] 2006, no pet.)).  

The Texas Code of Criminal Procedure
states that prior to accepting a guilty plea, the “court shall admonish the
defendant of:  (1) the range of the punishment attached to the offense[.]”  Tex. Code Crim. Proc. Ann. art.
26.13(a)(1) (Vernon Supp. 2010).  “The court may make the admonitions either
orally or in writing.”  Kirk v. State, 949 S.W.2d 769, 771 (Tex.
App.–Dallas 1997, pet. ref’d); see Tex.
Code Crim. Proc. Ann. art. 26.13(d) (Vernon Supp. 2010). 

B. Analysis

            The punishment range for a first-degree
felony is five to ninety-nine years or life in prison.  Tex. Penal Code Ann. § 12.32(a) (Vernon Supp. 2010).  A
second-degree felony carries a punishment range of between two to twenty years
in prison.  See id. § 12.33(a).  And, the punishment range for a person
adjudged guilty of a third-degree felony is imprisonment for two to ten years. 
See id. § 12.34(a).  The record shows that during the plea hearing, the
trial court told Reyes that with respect to cause no. 13-09-308-CR, he was
charged with burglary of a habitation with intent to commit theft, which “is
ordinarily a second degree felony but because of the allegations of prior
felony convictions [sic], it’s going to be punished as a first degree felony
that carries a range of punishment of anywhere from five to 99 years or life in
the penitentiary.”  The trial court further told him that with respect to counts
2 and 3, the State had abandoned Count 2 and was proceeding on count 3, “which
is felony theft and that is a state jail felony that is being enhanced to a
third degree which carries a range of punishment of anywhere from two to 10
years . . . .”  With respect to cause no. 13-09-309-CR, the trial court told
Reyes that he was “charged by indictment with felony theft which is usually a
state jail felony, but because of the allegations of prior convictions, this is
being assessed and punished as a second degree felony which carries a range of
punishment of anywhere from two to twenty years in the penitentiary.”

            When the trial court asked Reyes, “There’s a
lot of ranges here.  Do you understand that?”, he said, “Yes, Your Honor.” 
When the trial court asked him, “And if I find that you have committed these
offenses, I can assess punishment within the range of the specific felony
punishment level, do you understand that?”, he said, “Yes, Your Honor.”  In
addition, when the trial court asked Reyes, “So did you review the document
called the Court’s written admonition or the Court’s written explanations,
warnings, or instructions to you with your attorney?”, he said, “That’s
correct, Your Honor.”  And, when the trial court asked Reyes, “And are you
comfortable you understand the information?”, he said, “Yes, ma’am.”

 

Reyes does not contend the trial court’s
oral admonitions concerning the punishment range pertaining to each offense
were inadequate, and we find that the court properly admonished him concerning
the punishment ranges.  Reyes has not directed us to anything in this record
indicating that, at the time he entered his guilty pleas, he did not understand
the punishment range for each offense.  We note that the Written Admonishments
state on the top of the last page that, “On April 3, 2009, the Defendant stated
to me under oath that [he] had read all of this document or that this document
had been read to [him] in [his] native language; that [he] understood all of
the statements contained therein; that [he] freely signed this document; and
that the Defendant’s signatures appearing on the document were [his]
signatures.”  The Written Admonishments are signed by Reyes as well as a deputy
clerk.

After reviewing the record as a whole
and considering the totality of the circumstances, we hold that Reyes has not
met his heavy burden on appeal to show that his pleas were involuntary because
he was not admonished regarding the punishment range for each offense.  See
Tomlinson, 295 S.W.3d at 419.  Issue one is overruled.

In issue two, Reyes argues that the
trial court erred by deleting the words “state jail felony of” from the felony
enhancement allegation contained in the indictment pertaining to cause no.
13-09-308-CR.  The felony enhancement allegation alleged, in relevant part,
that “on October 14th 1992, in cause number 92-CR-943-A, in the 28th District
Court of Nueces County, Texas, [Reyes] was convicted of the state jail felony
of aggravated robbery . . . .”  During the plea hearing, the prosecutor told
the trial court, “[T]he person who drafted the indictment listed aggravated
robbery as a state jail felony, so I would like to delete the state jail from the
enhancement paragraph.  I think that’s surplusage.”  To this, the trial court
responded, “It is.”  When the trial court asked if there was “[a]ny objection”
to the proposed deletion, defense counsel said, “No objection.  We’d like it to
be pivotal, Judge.”  There being no objection, the trial court deleted the
words “state jail felony of” from the enhancement allegation in cause no.
13-09-308-CR.

Rule
33.1 of the Texas Rules of Appellate Procedure governs preservation of error,
and states, in part:

(a) In General.  As a
prerequisite to presenting a complaint for appellate review, the record must
show that:

 

(1) the complaint was
made to the trial court by a timely request, objection, or motion that:

 

(A) stated the
grounds for the ruling that the complaining party sought from the trial court
with sufficient specificity to make the trial court aware of the complaint,
unless the specific grounds were apparent from the context;

 

Tex. R. App. P.
33.1.

            This rule encompasses the concept of “party
responsibility.”  Reyna v. State, 168 S.W.3d 173, 176 (Tex. Crim. App.
2005).  In other words, “[t]he complaining party bears the responsibility of
clearly conveying to the trial judge the particular complaint, including the
precise and proper application of the law as well as the underlying
rationale.”  Id. at 177.  “To avoid forfeiting a complaint on appeal,
the party must ‘let the trial judge know what he wants, why he thinks he is
entitled to it, and to do so clearly enough for the judge to understand him at
a time when the judge is in the proper position to do something about it.’”  Pena
v State, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) (quoting Lankston v.
State, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)).  This method gives the
trial court and the opposing party a chance to correct the error.  Id. 
“Whether a party’s particular complaint is preserved depends on whether the
complaint on appeal comports with the complaint made at trial.  In making this
determination, we consider the context in which the complaint was made and the
parties’ shared understanding at that time.”  Id. (footnote omitted).

            Here, defense counsel did not object to the
trial court’s deletion of the words “state jail felony of” from the enhancement
paragraph.  Thus, defense counsel did not clearly convey to the trial court
“the precise and proper application of the law as well as the underlying
rationale.”  See Pena, 285 S.W.3d at 464.  We hold, therefore, that
Reyes did not preserve the complained-of error for appellate review.  See
Tex. R. App. P. 33.1(a)(1)(A); Pena,
285 S.W.3d at 464.   Issue two is overruled.

            In issue three, Reyes argues that the trial
court erred by accepting the enhancement paragraph in cause
no. 13-09-308-CR because it was defective on its face.  In cause no.
13-09-308-CR, the theft offenses (Counts 2 and 3) were enhanced by two prior
misdemeanor theft convictions.  The indictment alleged that one of these prior
misdemeanor theft convictions occurred “on June 15, 2008”[3]
when the prior conviction actually occurred on June 15, 2003.  However, defense
counsel did not object to the incorrect conviction date.  Therefore, the
complained-of error is not preserved for appellate review.  See Tex. R. App. P. 33.1(a)(1)(A); Pena,
285 S.W.3d at 464.  Issue three is overruled.

II. Conclusion

            We affirm the trial court’s judgments.

 

 

 

                                                                                         ROSE
VELA

                                                                                         Justice

 

Do not publish.

Tex.
R. App. P.
47.2(b).

 

Delivered and filed
the 

31st day of March,
2011.

 

 

 









[1]
Reyes was charged with theft of property of less than $1,500, a class A
misdemeanor.  Tex. Penal Code Ann.
§ 31.03(e)(3) (Vernon Supp. 2010).  When, as in this case, the value of the
property stolen is less than $1,500 and the defendant has two prior convictions
for any grade of theft, the offense becomes a state-jail felony.  Id. §
31.03(e)(4)(D).  Section 12.35 of the Texas Penal Code allows a state-jail
felony to be punished as a third-degree felony if, among other ways, the
defendant had been previously convicted of a “3g” offense.  Id. §
12.35(c)(2)(A).  The Texas Code of Criminal Procedure, in turn, lists
aggravated robbery as one such “3g” offense.  Tex.
Code Crim. Proc. Ann. art. 42.12, § 3g(a)(1)(F) (Vernon Supp. 2010).

 





[2]
The State abandoned count 2.





[3]
We note that in cause no. 13-09-309-CR, this same prior misdemeanor theft
conviction was used for enhancement purposes.  However, the enhancement
paragraph reads, in relevant part, “on June 15, 2003, in the County
Court at Law No. 3 of Nueces County, Texas, in cause number 06-CR-2238-3, the
defendant was convicted of the offense of theft . . . .”  (emphasis added).