**NUMBERS 13-09-308-CR AND 13-09-309-CR**



# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**JOE MANUEL REYES,**                                                                          **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                        **Appellee.**

---

**On appeal from the 117th District Court
of Nueces County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Vela
Memorandum Opinion by Justice Vela**

In cause no. 13-09-308-CR, appellant, Joe Manuel Reyes, was indicted for burglary of a habitation with intent to commit theft (count 1), *see* TEX. PENAL CODE ANN. § 30.02(a)(1) (Vernon 2003), and two counts of theft of property valued at less than $1,500 (counts 2 and 3). *See id.* § 31.03(e)(3) (Vernon Supp. 2010). The theft offenses were

enhanced by two prior misdemeanor theft convictions,[1] and the indictment alleged that Reyes had a previous felony conviction for aggravated robbery. Without a plea agreement, Reyes pleaded: (1) guilty to the burglary offense; (2) guilty to one count of theft;[2] (3) true to the enhancement allegation that he had two prior misdemeanor theft convictions; and (4) true to the enhancement allegation that he had a previous felony conviction. The trial court assessed punishment at twenty years' imprisonment for the burglary conviction and ten years' imprisonment for the theft conviction. The trial court ordered the sentences to run concurrently.

In cause no. 13-09-309-CR, Reyes was indicted for one count of theft of property valued at less than $1,500, enhanced by two prior misdemeanor theft convictions. The indictment also alleged that Reyes had two previous felony convictions; i.e., aggravated robbery with a deadly weapon and burglary of a building. Without a plea agreement, Reyes pleaded guilty to the theft offense, and he pleaded true to the enhancement allegation that he had two prior misdemeanor theft convictions. He also pleaded true to the two prior felony convictions; however, the primary offense was punished as a third-degree felony because defense counsel and the prosecutor agreed that the first felony conviction was not final at the time the second felony offense was committed. The trial court sentenced Reyes to ten years' imprisonment to run concurrently with the

---

[1] Reyes was charged with theft of property of less than $1,500, a class A misdemeanor. TEX. PENAL CODE ANN. § 31.03(e)(3) (Vernon Supp. 2010). When, as in this case, the value of the property stolen is less than $1,500 and the defendant has two prior convictions for any grade of theft, the offense becomes a state-jail felony. *Id.* § 31.03(e)(4)(D). Section 12.35 of the Texas Penal Code allows a state-jail felony to be punished as a third-degree felony if, among other ways, the defendant had been previously convicted of a "3g" offense. *Id.* § 12.35(c)(2)(A). The Texas Code of Criminal Procedure, in turn, lists aggravated robbery as one such "3g" offense. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(1)(F) (Vernon Supp. 2010).

[2] The State abandoned count 2.

sentence imposed in cause no. 13-09-308-CR.

In three issues, Reyes argues that the trial court (1) failed to properly admonish him, (2) improperly changed one of the indictments, and (3) erroneously accepted the enhancement paragraph in cause no. 13-09-308-CR.   We affirm.

## I. DISCUSSION

In issue one, Reyes argues his plea was involuntary because the trial court failed to properly admonish him about the punishment range.   The document entitled "COURT'S WRITTEN ADMONISHMENTS TO DEFENDANT ON DEFENDANT'S PLEA OF GUILTY OR NOLO CONTENDERE" (referred to as the Written Admonishments) contains a series of boxes placed next to the punishment range for each degree of felony.   While "x" marks appear in the boxes associated with the enhancement portions, there are no marks in the boxes concerning the punishment range associated with any particular degree of felony offense. Reyes argues that the written admonishments concerning the punishment range "are not checked off or marked in any way to show proof that [he] actually went over and understood those portions."

### A. Applicable Law

The Texas Code of Criminal Procedure provides that a trial court may accept a guilty plea only if the defendant enters it freely and voluntarily.   TEX. CODE CRIM PROC. ANN. art. 26.13(b) (Vernon Supp. 2010).   "Voluntariness of a plea is determined by the totality of the circumstances."   *Lee v. State*, 39 S.W.3d 373, 375 (Tex. App.–Houston [1st Dist.] 2001, no pet.); *see Edwards v. State*, 921 S.W.2d 477, 479 (Tex. App.–Houston [1st Dist.] 1996, no pet.) (citing *Griffin v. State*, 703 S.W.2d 193, 196 (Tex. Crim. App. 1986)).

3

"A record indicating that the trial court properly admonished the defendant about a guilty plea presents a prima facie showing that the guilty plea was made voluntary and knowingly." *Ex parte Tomlinson*, 295 S.W.3d 412, 419 (Tex. App.–Corpus Christi 2009, no pet.) (citing *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998)). "Under these circumstances, the burden shifts to the defendant to show that he entered the plea without understanding the consequences." *Id.* "'An accused who attests when he enters his plea of guilty that he understands the nature of his plea and that it is voluntarily has a heavy burden on appeal to show that his plea was involuntary.'" *Id.* (quoting *Arreola v. State*, 207 S.W.3d 387, 391 (Tex. App.–Houston [1st Dist.] 2006, no pet.)).

The Texas Code of Criminal Procedure states that prior to accepting a guilty plea, the "court shall admonish the defendant of: (1) the range of the punishment attached to the offense[.]" TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(1) (Vernon Supp. 2010). "The court may make the admonitions either orally or in writing." *Kirk v. State*, 949 S.W.2d 769, 771 (Tex. App.–Dallas 1997, pet. ref'd); *see* TEX. CODE CRIM. PROC. ANN. art. 26.13(d) (Vernon Supp. 2010).

## B. Analysis

The punishment range for a first-degree felony is five to ninety-nine years or life in prison. TEX. PENAL CODE ANN. § 12.32(a) (Vernon Supp. 2010). A second-degree felony carries a punishment range of between two to twenty years in prison. *See id.* § 12.33(a). And, the punishment range for a person adjudged guilty of a third-degree felony is imprisonment for two to ten years. *See id.* § 12.34(a). The record shows that during the plea hearing, the trial court told Reyes that with respect to cause no.

4

13-09-308-CR, he was charged with burglary of a habitation with intent to commit theft, which "is ordinarily a second degree felony but because of the allegations of prior felony convictions [sic], it's going to be punished as a first degree felony that carries a range of punishment of anywhere from five to 99 years or life in the penitentiary." The trial court further told him that with respect to counts 2 and 3, the State had abandoned Count 2 and was proceeding on count 3, "which is felony theft and that is a state jail felony that is being enhanced to a third degree which carries a range of punishment of anywhere from two to 10 years . . . ." With respect to cause no. 13-09-309-CR, the trial court told Reyes that he was "charged by indictment with felony theft which is usually a state jail felony, but because of the allegations of prior convictions, this is being assessed and punished as a second degree felony which carries a range of punishment of anywhere from two to twenty years in the penitentiary."

When the trial court asked Reyes, "There's a lot of ranges here. Do you understand that?", he said, "Yes, Your Honor." When the trial court asked him, "And if I find that you have committed these offenses, I can assess punishment within the range of the specific felony punishment level, do you understand that?", he said, "Yes, Your Honor." In addition, when the trial court asked Reyes, "So did you review the document called the Court's written admonition or the Court's written explanations, warnings, or instructions to you with your attorney?", he said, "That's correct, Your Honor." And, when the trial court asked Reyes, "And are you comfortable you understand the information?", he said, "Yes, ma'am."

5

Reyes does not contend the trial court's oral admonitions concerning the punishment range pertaining to each offense were inadequate, and we find that the court properly admonished him concerning the punishment ranges. Reyes has not directed us to anything in this record indicating that, at the time he entered his guilty pleas, he did not understand the punishment range for each offense. We note that the Written Admonishments state on the top of the last page that, "On April 3, 2009, the Defendant stated to me under oath that [he] had read all of this document or that this document had been read to [him] in [his] native language; that [he] understood all of the statements contained therein; that [he] freely signed this document; and that the Defendant's signatures appearing on the document were [his] signatures." The Written Admonishments are signed by Reyes as well as a deputy clerk.

After reviewing the record as a whole and considering the totality of the circumstances, we hold that Reyes has not met his heavy burden on appeal to show that his pleas were involuntary because he was not admonished regarding the punishment range for each offense. *See Tomlinson*, 295 S.W.3d at 419. Issue one is overruled.

In issue two, Reyes argues that the trial court erred by deleting the words "state jail felony of" from the felony enhancement allegation contained in the indictment pertaining to cause no. 13-09-308-CR. The felony enhancement allegation alleged, in relevant part, that "on October 14th 1992, in cause number 92-CR-943-A, in the 28th District Court of Nueces County, Texas, [Reyes] was convicted of the state jail felony of aggravated robbery . . . ." During the plea hearing, the prosecutor told the trial court, "[T]he person who drafted the indictment listed aggravated robbery as a state jail felony, so I would like

to delete the state jail from the enhancement paragraph. I think that's surplusage." To this, the trial court responded, "It is." When the trial court asked if there was "[a]ny objection" to the proposed deletion, defense counsel said, "No objection. We'd like it to be pivotal, Judge." There being no objection, the trial court deleted the words "state jail felony of" from the enhancement allegation in cause no. 13-09-308-CR.

Rule 33.1 of the Texas Rules of Appellate Procedure governs preservation of error, and states, in part:

> (a) In General. As a prerequisite to presenting a complaint for appellate review, the record must show that:
>
> (1) the complaint was made to the trial court by a timely request, objection, or motion that:
>
> (A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context;

TEX. R. APP. P. 33.1.

This rule encompasses the concept of "party responsibility." *Reyna v. State*, 168 S.W.3d 173, 176 (Tex. Crim. App. 2005). In other words, "[t]he complaining party bears the responsibility of clearly conveying to the trial judge the particular complaint, including the precise and proper application of the law as well as the underlying rationale." *Id.* at 177. "To avoid forfeiting a complaint on appeal, the party must 'let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it.'" *Pena v State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) (quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)). This method gives the trial court

7

and the opposing party a chance to correct the error.   *Id.*   "Whether a party's particular complaint is preserved depends on whether the complaint on appeal comports with the complaint made at trial.   In making this determination, we consider the context in which the complaint was made and the parties' shared understanding at that time."   *Id.* (footnote omitted).

Here, defense counsel did not object to the trial court's deletion of the words "state jail felony of" from the enhancement paragraph.   Thus, defense counsel did not clearly convey to the trial court "the precise and proper application of the law as well as the underlying rationale."   *See Pena*, 285 S.W.3d at 464.   We hold, therefore, that Reyes did not preserve the complained-of error for appellate review.   *See* TEX. R. APP. P. 33.1(a)(1)(A); *Pena*, 285 S.W.3d at 464.    Issue two is overruled.

In issue three, Reyes argues that the trial court erred by accepting the enhancement paragraph in cause no. 13-09-308-CR because it was defective on its face. In cause no. 13-09-308-CR, the theft offenses (Counts 2 and 3) were enhanced by two prior misdemeanor theft convictions.   The indictment alleged that one of these prior misdemeanor theft convictions occurred "on June 15, 2008"[3] when the prior conviction actually occurred on June 15, 2003.   However, defense counsel did not object to the incorrect conviction date.   Therefore, the complained-of error is not preserved for appellate review.   *See* TEX. R. APP. P. 33.1(a)(1)(A); *Pena*, 285 S.W.3d at 464.   Issue three is overruled.

---

[3] We note that in cause no. 13-09-309-CR, this same prior misdemeanor theft conviction was used for enhancement purposes.   However, the enhancement paragraph reads, in relevant part, "on *June 15, 2003*, in the County Court at Law No. 3 of Nueces County, Texas, in cause number 06-CR-2238-3, the defendant was convicted of the offense of theft . . . ."   (emphasis added).

8

## II. Conclusion

We affirm the trial court's judgments.

ROSE VELA
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
31st day of March, 2011.