Kelly Scott MEADOR, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–89–362–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 12, 1989.

W.B. House, Jr., James Randall Smith, Houston, for appellant.

Carol M. Cameron, Houston, for appellee.

Before MURPHY, ROBERTSON and SEARS, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a pretrial writ of habeas corpus denying appellant relief after the trial court revoked his original bond of $100,000. After hearing the writ, the court reset appellant's bond at $200,000. In his sole point of error, appellant complains that the court abused its discretion by revoking the $100,000 bond. We agree and vacate the order.

On February 9, 1989, the State filed a felony complaint against appellant Kelly Scott Meador. The complaint charged appellant with possession of a controlled substance, methamphetamine, in excess of 400 grams. Appellant was originally held without bond.

On February 10, 1989, appellant appeared in Cause No. 527667 in the 338th district court of Harris County and the trial court appointed counsel. The court also reset appellant's case for March 3, 1989, and set bond at $100,000. Appellant made bond on February 20, 1989.

Appellant appeared on March 3, 1989, appointed counsel withdrew and the court instructed appellant to hire an attorney. The court reset the case for March 30, 1989 with a notation that appellant was to hire an attorney. Appellant arrived in court three to five minutes late and without an attorney. The trial court revoked his bond and again held him without bond.

Appellant then filed an application for writ of habeas corpus requesting the trial court to reinstate the original bond of $100,000 or set bond not in excess of $10,-000. Appellant testified that his surety had agreed to reinstate his original bond of $100,000 if the trial court would reduce the bond to the original amount. The court set bond at $200,000 at the conclusion of the hearing. Appellant was unable to make bond at $200,000; therefore, he appeals this bond increase and claims the trial court abused its discretion by increasing his bond.

The trial court has great latitude and discretion when setting bond for a

person accused of committing a crime. TEX.CODE CRIM.PROC.ANN. art 17.15 (Vernon Supp.1989). If the trial court "finds that the bond is defective, excessive or insufficient in amount, or that the sureties, if any, are not acceptable, or for any other *good and sufficient cause*, then a new bail bond may be required." TEX. CODE CRIM.PROC.ANN. art 17.09 (Vernon 1977) (emphasis added). However, once a defendant has given bail for his appearance in answer to a criminal charge, he shall not be required to give another bond in the course of the same criminal action. TEX.CODE CRIM.PROC.ANN. art 17.09 (Vernon 1977). Also, the court may forfeit the bond of a defendant if his name is "called distinctly at the courthouse, and if the defendant does not appear within a *reasonable* time after such call is made ..." TEX.CODE CRIM.PROC.ANN. art 22.02 (Vernon 1972) (emphasis added).

The state offered no evidence that appellant's name was called distinctly at the courthouse door, nor did they refute appellant's testimony that he was only three to five minutes late. The record reveals that appellant had timely made all previous court appearances in this cause and in prior criminal cases. He also made all court appearances in an unrelated case and returned on time to begin serving his sentence. Appellant had never forfeited a bond in a prior proceeding. We find that appellant's appearance, albeit late, was nonetheless within a reasonable time as provided by the code.

The only other reason for the bond forfeiture was appellant's failure to hire an attorney. The trial court "ordered" appellant to hire an attorney before he returned to court. Appellant testified he was aware his March 30 arraignment was his "last chance" to appear with counsel. When appellant arrived on March 30, he was both late and without counsel. The record indicates appellant's tardiness and failure to comply with the court's order to hire counsel prompted the court to forfeit his bond and hold him without bond. The power of the trial court to set bail is not to be used to oppress or punish. TEX.CODE CRIM. PROC.ANN. art 17.15 (Vernon Supp.1989);

*Ex Parte Vance*, 608 S.W.2d 681 (Tex. Crim.App.1980). Further, the trial court lacks the authority to set such terms and conditions of pretrial bond. See *Ex Parte King*, 613 S.W.2d 503 (Tex.Crim.App.1981).

We find that the *"good and sufficient cause"* requirement promulgated in art 17.- 09 has not been met; therefore, the trial court abused its' discretion in revoking appellant's original bond of $100,000. Accordingly, we sustain appellant's sole point of error, vacate the writ setting bond at $200,000, and reinstate bond at $100,000.