Opinion issued March 18, 2009










     







In The
Court of Appeals
For The
First District of Texas




NO. 01-09-00115-CR




MICHAEL GRIGGS, Appellant

v.

THE STATE OF TEXAS, Appellee




On Appeal from the 185th District Court
Harris County, Texas
Trial Court Cause No. 1201919




MEMORANDUM OPINION

          Appellant, Michael Griggs, has been indicted for possession of a controlled
substance, namely cocaine, weighing more than 4 grams but less than 200 grams.


 
The trial court revoked appellant’s $30,000 bond after it found that appellant had
misrepresented to the court his efforts to retain counsel. Appellant filed a pretrial
application for writ of habeas corpus seeking reinstatement of the original $30,000
bond. The trial court denied appellant’s request to reinstate the original bond and set
appellant’s bond at $50,000.
          In two issues, appellant challenges the trial court’s denial of his request to
reinstate the original $30,000 bond. 
          We affirm. 
Background
          Appellant was arrested for the indicted offense on March 4, 2008. The trial
court set appellant’s bond at $30,000. Appellant made bond on December 29, 2008
and was released from custody. 
          On January 26, 2009, appellant appeared in the trial court without counsel. At
the hearing, the Honorable Mary Bacon was sitting as a visiting judge in the 185th
Judicial District Court of Harris County for the presiding judge, the Honorable Susan
Brown. Appellant responded affirmatively when asked by the trial court whether his
case had been set for trial “several times previously.” Appellant also responded
affirmatively when asked whether Judge Brown had told him “several times” to retain
an attorney. The trial court then asked appellant to describe the steps he had taken
to retain counsel. Appellant identified two attorneys that he had called. The trial
court asked appellant when he had made the calls. Appellant responded that he had
made the calls on Tuesday and Wednesday of the week before the hearing. The trial
court then asked, “Long after Judge Brown told you to find an attorney, right?” 
Appellant responded that he had contacted other attorneys. When the trial court
asked who, appellant could not recall the other attorneys’ names. 
          The trial court found that appellant had misrepresented his efforts to retain
counsel. The court remanded appellant into custody and revoked his $30,000 bond.
          Appellant was appointed counsel the next day. Appellant filed an application
for writ of habeas corpus. Appellant sought reinstatement of the original $30,000
bond. In his application, appellant contended that, because he was indigent and did
not have funds to retain counsel, it was an abuse of discretion for the trial court to
revoke his bond based on his failure to hire an attorney. 
          Judge Brown presided over the habeas corpus hearing. She noted that, before
his bond had been revoked, appellant’s trial had been continued three times because
appellant had indicated to the court that he was trying to retain counsel. Judge Brown
noted that appellant then appeared before Judge Bacon, who revoked appellant’s
bond after Judge Bacon determined that appellant “was not being forthcoming and
truthful [with] the Court” about his efforts to retain counsel. Judge Brown also
remarked that appellant’s case was “the oldest case on the docket.” 
          Appellant testified at the habeas hearing. Appellant told the trial court that he
had no income or assets. He explained that he had contacted two attorneys. Each
attorney told appellant that it would cost $10,000 to represent him. Appellant
testified that he had no funds to hire an attorney. On cross-examination, appellant
denied that he had told Judge Bacon that he contacted two attorneys on Tuesday and
Wednesday of the week before the hearing.
          Appellant argued to the trial court that Judge Bacon had abused her discretion
when she revoked appellant’s bond. Appellant asserted that whether he had been
truthful about his efforts to retain counsel was “not really the issue.” Appellant’s
counsel averred that “[t]he issue is whether he had the funds to hire a lawyer, and I
think the record is clear he is indigent.” Appellant’s counsel argued that Judge Bacon
abused her discretion in revoking his bond because appellant is indigent and “failing
to have funds to hire a lawyer is not a basis to revoke someone’s bond.” 
          Judge Brown responded that, despite his current reliance on his indigency
status, appellant had never told her or Judge Bacon that he could not retain counsel
because he was indigent. Judge Brown noted that, to the contrary, appellant had
never said anything to the court other than “I’m hiring a lawyer. I’m working on
getting a lawyer.” Judge Brown remarked, “I can see why Judge Bacon found that
he lied because he stood in front of me and lied today.” She continued, “It’s very
clear on the record that he told Judge Bacon that he looked for lawyers and today he
says, Oh, no, I never said that on Wednesday and Thursday [sic] of the week before. 
So he’s certainly got a credibility issue.” Judge Brown further explained,
. . . I don’t think the revocation was based on indigency or not finding
a lawyer—bringing that to the Court’s attention. The whole point
was—and certainly he never made a comment to [Judge Bacon] about
that. And he just kept telling me he was trying to hire a lawyer and he
was going to go see lawyers.
Judge Brown concluded that appellant was entitled to bond, “[b]ut based on
everything that’s happened, I’m not going to reinstate this $30,000 bond. I’ll set a
new bond at $50,000.”
          Appellant appeals the trial court’s denial of his habeas request to reinstate the
original $30,000 bond and the attendant increase in bond to $50,000. In two points
of error, appellant contends (1) the trial court erred by revoking his bond because of
the court’s belief that appellant misrepresented his efforts to retain an attorney as
ordered by the court and (2) the trial court erred by failing to reinstate his bond
because the evidence showed that appellant was indigent and did not have sufficient
funds to retain counsel.
Standard of Review
          Generally, an appellate court reviews a trial court’s decision to grant or deny
relief on a writ of habeas corpus under an abuse of discretion standard of review. 
Sandifer v. State, 233 S.W.3d 1, 2 (Tex. App.—Houston [1st Dist.] 2007, no pet.)
(citing Ex parte Ayers, 921 S.W.2d 438, 440 (Tex. App.—Houston [1st Dist.] 1996,
no pet.)). In reviewing the trial court’s decision to grant or deny habeas corpus relief,
we view the evidence in the light most favorable to the trial court’s ruling. Id. (citing
Ex parte Masonheimer, 220 S.W.3d 494, 507 (Tex. Crim. App. 2007)).
          We afford almost total deference to the trial judge’s determination of historical
facts supported by the record, especially when the fact findings are based on an
evaluation of credibility and demeanor. Id. (citing Guzman v. State, 955 S.W.2d 85,
89 (Tex. Crim. App. 1997)). And we afford the same amount of deference to the trial
judge’s rulings on applications of law to fact questions if the resolution of those
ultimate questions turns on an evaluation of credibility and demeanor. Id. If the
resolution of those ultimate questions turns on an application of legal standards,
however, we review the determination de novo. Id.
Analysis
          We agree with appellant that a defendant’s bond may not be revoked and then
increased because a defendant has failed to retain an attorney. See Meador v. State,
780 S.W.2d 836, 837 (Tex. App.—Houston [14th Dist.] 1989, no pet.). We disagree
with appellant that this accurately describes what occurred in this case. 
          The record reflects that appellant’s trial setting was delayed several times due
to appellant’s representations to the trial court that he needed time to find counsel. 
The record further reflects that Judge Bacon revoked appellant’s bond because he was
engaging in the dilatory tactic of misrepresenting to the trial court his efforts to retain
counsel. The record does not reflect that appellant’s bond was revoked simply
because appellant did not have counsel or because he was indigent, as appellant
contends on appeal. 
          This is not to say that it is appropriate for a trial court to revoke bond for the
reasons underlying the revocation in this case. As concluded by the trial court at the
habeas hearing, this is “certainly . . . not a situation where [appellant] should be held
without bond.” The question that we must answer is whether the trial court abused
its discretion by denying appellant’s habeas request to reinstate the $30,000 bond and
by increasing the bond to $50,000. 
          Code of Criminal Procedure Article 17.09, section 3, provides that the judge,
in whose court an action is pending, may,“for any other good and sufficient cause,”
require a defendant to give another bond in such amount as the judge “may deem
proper.” Tex. Code Crim. Proc. Ann. art. 17.09 § 3 (Vernon Supp. 2008). Article
17.09 does not limit “good and sufficient cause” to a violation of a specific bond
condition imposed on a defendant. See id. No precise standard has been developed
for determining what constitutes “good and sufficient cause” under article 17.09
section 3. Miller v. State, 855 S.W.2d 92, 93–94 (Tex. App.—Houston [14th Dist.]
1993, pet. re’d). Therefore, each case must be reviewed on a fact-by-fact basis. See
id. at 94. 
          As mentioned, failure to retain counsel is not good and sufficient cause to
increase a defendant’s bond. See Meador, 780 S.W.2d at 837. In this case, the trial
court did not deny appellant’s request to reinstate the original bond and increase the
bond to $50,000 because appellant did not have counsel. 
          At the habeas hearing, Judge Brown found that appellant had not only made
misrepresentations to Judge Bacon, but also had made misrepresentations to her
relating to the issue of hiring counsel. The record shows that the trial court increased
the bond because appellant had misrepresented his efforts to retain trial counsel for
the apparent purpose of delaying trial. This behavior occurred after the setting of the
original $30,000 bond and provided good and sufficient cause to increase appellant’s
bond by an additional $20,000. 
          The primary purpose of an appearance bond is to secure the presence of the
accused at trial on the offense charged. Maldonado v. State, 999 S.W.2d 91, 93 (Tex.
App.—Houston [14th Dist.] 1999, pet. ref’d). Here, the trial court could have
reasonably inferred that a defendant who misrepresents his efforts to retain counsel
to delay trial may also be a defendant who will be tempted not to show up for trial. 
In other words, a correlation exists between making misrepresentations to delay trial
and failing to appear for trial that is sufficient to support an increase in appellant’s
bond. 
          Finally, there is no indication that appellant’s indigency status had any bearing
on the trial court’s decision not to reinstate the original bond. At the habeas hearing,
the trial court found that appellant had never informed it that he did not have
sufficient funds to hire counsel. To the contrary, the trial court found that it had
continued trial several times because appellant had led it to believe that he was
seeking counsel. Presumably, had appellant informed the trial court of his indigency
soon after bail was posted the trial court could have appointed counsel, and trial
would not have been delayed. 
          We hold that the trial court did not abuse its discretion by denying appellant’s
request to reinstate the original bond and by increasing appellant’s bond to $50,000. 
We, therefore, overrule appellant’s points of error.
 
Conclusion
          We affirm the judgment of the trial court.



 

                                                             Laura Carter Higley
                                                             Justice

Panel consists of Justices Jennings, Keyes, and Higley.

Do not publish. See Tex. R. App. P. 47.2(b).