

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-08-00184-CR

_____

GENE EVERETT MOORE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 188th Judicial District Court
Gregg County, Texas
Trial Court No. 36,389-B

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Gene Everett Moore, seventy-four years old at the time of trial, was charged with two counts of aggravated sexual assault and was released on his bond of $100,000.00. Moore then entered a plea of guilty and elected to have a jury assess his punishment.[1]

In the midst of the punishment hearing, at the close of the morning's testimony, and after the jury had been recessed for the day, the court stated that it had a concern about the sufficiency of the $100,000.00 bond (the amount of which had been set by a different magistrate) that had been posted at the time of Moore's arrest, about nine months before trial. The court noted that even though Moore was not disqualified from receiving community supervision, he was faced with the real prospect of long-term incarceration. Further, during the morning's testimony, it was shown that when Moore had been arrested, he had his clothes and money packed, giving the appearance that he was intending to leave. The court then acknowledged that Moore had not failed to appear each time he was required to be in court and asked for comment from counsel concerning the adequacy of the existing bond. After hearing counsels' arguments (during which Moore's counsel objected to an increase in the bond by noting that Moore's past conduct did not suggest that the bond was insufficient to assure his attendance at court and that it would make it difficult for counsel to complete his trial preparation with his witnesses for the next day without Moore's assistance), the

_____

[1]Assessing punishment is precisely what the jury did, assessing it at life imprisonment.

2

court raised Moore's appearance bond to $500,000.00. The punishment hearing resumed the next morning.

In his sole point of error on appeal, Moore argues that the decision by the trial court to raise the bond in mid-trial was "not a reasoned, decision but a gag reflex."

Moore correctly observes that the rules governing the setting of the amount of bond for a defendant are set out in Article 17.15 of the Texas Code of Criminal Procedure:

> The amount of bail to be required in any case is to be regulated by the court, judge, magistrate or officer taking the bail; they are to be governed in the exercise of this discretion by the Constitution and by the following rules:
>
> (1)     The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.
>
> (2)     The power to require bail is not to be so used as to make it an instrument of oppression.
>
> (3)     The nature of the offense and the circumstances under which it was committed are to be considered.
>
> (4)     The ability to make bail is to be regarded, and proof may be taken upon this point.
>
> (5)     The future safety of a victim of the alleged offense and the community shall be considered.

TEX. CODE CRIM. PROC. ANN. art. 17.15 (Vernon 2005).

Moore is also correct in pointing out that factors to be considered in applying these rules include (1) the length of the potential sentence which might be received, (2) the nature of the offense with which the defendant has been charged, (3) the defendant's work record, family ties, and length

3

of residency, (4) the conformity by the defendant with previous bond conditions, (5) the amount of other outstanding bonds, and (6) aggravating factors involved in the offense. *Ex parte Rubac*, 611 S.W.2d 848, 849–50 (Tex. Crim. App. [Panel Op.] 1981).

In this case, the trial court apparently was strongly swayed by the evidence presented during the half day of trial. The only evidence that this seventy-four-year-old man might abscond was the testimony that before he was originally arrested (some nine months before trial commenced), he had his clothes packed and his money ($660.00) readily available as if for flight. It was upon this testimony (and, perhaps, the general drift of the testimony at trial which might have given some indication of what kind of sentence might have been expected to be meted out by the jury) that the trial court indicated led it to believe that Moore might now, on the eve of sentencing, attempt to vanish.

There is no precise standard for appellate review of bond settings. *Ex parte Pemberton*, 577 S.W.2d 266, 267 (Tex. Crim. App. [Panel Op.] 1979); *In re Hulin*, 31 S.W.3d 754, 758 (Tex. App.—Houston [1st Dist.] 2000, orig. proceeding). The fact that the existing bond had proven entirely adequate up to the last day of the trial provides a strong suggestion that it would remain so. However, the court did verbalize its concern and explained reason for that newly developed concern that Moore (who had the immediacy of a potential lengthy sentence looming overhead) might now be a flight risk where he had not been one previously. There is authority for a trial court to alter the terms of release under bond. *See* TEX. CODE CRIM. PROC. ANN. art. 17.09, § 3 (Vernon Supp. 2008)

4

(providing that if the trial judge or magistrate "finds that the bond is defective, excessive or insufficient in amount, or that the sureties, if any, are not acceptable, or for any other good and sufficient cause, such judge or magistrate may . . . require the accused to give another bond in such amount as the judge or magistrate may deem proper"); *see also* TEX. CODE CRIM. PROC. ANN. art. 17.15 (setting forth rules for fixing amount of bail); *Martin v. State*, 176 S.W.3d 887, 904–05 (Tex. App.—Fort Worth 2005, no pet.); *Hulin*, 31 S.W.3d at 760 (indicating likelihood of lengthy prison sentence is factor to be considered in determining amount of pretrial bond sufficient to secure presence of accused at trial). *But see Meador v. State*, 780 S.W.2d 836, 837 (Tex. App.—Houston [14th Dist.] 1989, no pet.) (holding trial court abused discretion by revoking appellant's bond of $100,000.00 and increasing amount of bond required to $200,000.00 because appellant was three to five minutes late to court and appeared without his attorney). In this kind of ruling, we do not look to determine if the action of the trial court is what we would have done under the same circumstances but, rather, whether the trial court abused its discretion.

However, in this matter, it is not necessary for us to determine the question of whether the order raising the bond was an abuse of judicial discretion. We fail to see how the actions of the trial court affected this trial. Although there were statements by Moore's attorney concerning some difficulties that Moore's incarceration for the remainder of the day might pose in trial preparation, there was no evidence presented concerning this issue. Even viewing it retrospectively, although the incarceration brought about by raising of the bond created inconvenience and consternation, there

is nothing to show that Moore's defense was substantially harmed by this course of action. Under the circumstances, Moore simply began his permanent incarceration a day earlier than he would have otherwise. Having been convicted of the crime with which he was charged, he would have been incarcerated from the time the jury returned its verdict of imprisonment. From that time forward, Moore was no longer incarcerated under bond awaiting trial; the bond set by the trial court is no longer in effect. Accordingly, the issues of whether the trial court should have had his bond kept at the same pretrial level and whether it was an abuse of discretion to have raised it five-fold during the trial are moot.

We affirm the judgment.


Bailey C. Moseley
Justice

Date Submitted:     March 19, 2009
Date Decided:       March 20, 2009

Do Not Publish