PD-0680-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/3/2015 1:34:49 PM
Accepted 6/4/2015 10:37:03 AM
ABEL ACOSTA
CLERK

PD-0680-15

No. _____

In the
Court of Criminal Appeals
of Texas

STEVEN HERNANDEZ,

*Petitioner,*

v.

THE STATE OF TEXAS,

*Respondent.*

Petition In Trial Court Cause No. CR-15-0015-HC
from the 428th Judicial District Court of
Hays County, Texas and
Case No. 03-15-00104-CR
From the Court of Appeals for the
Third District of Texas

# PETITION FOR DISCRETIONARY REVIEW

FILED IN
COURT OF CRIMINAL APPEALS

June 4, 2015

ABEL ACOSTA, CLERK

E. Chevo Pastrano
State Bar No.: 24037240
The Pastrano Law Firm, P.C.
202 Travis Street, Ste. 307
Houston, Texas 77002
Telephone: (713) 222-1100
Facsimile: (832) 218-7114
Email: chevo@pastranolaw.com
Counsel for Petitioner

**ORAL ARGUMENT NOT REQUESTED**

## Identity of Parties and Counsel

### *Trial Court Judge:*

Hon. Judge Bill Henry
428th Judicial District
Hays County, Texas
Hays County Government Center
712 South Stagecoach Trail, Third Floor
San Marcos, Texas 78666
Telephone:   (512) 393-7700
Facsimile:    (512) 393-7713
Email: bill.henry@co.hays.tx.us

### *Counsel for Petitioner:*

E. Chevo Pastrano
State Bar No.: 24037240
The Pastrano Law Firm, P.C.
202 Travis, Ste. 307
Houston, Texas 77002
Telephone:   (713) 222-1100
Facsimile:    (832) 218-7114
Email: chevo@pastranolaw.com

### *Counsel for The State*

Mr. Wes Mau
Hays County District Attorney's Office
Hays County Government Center
712 South Stagecoach Trail, Suite 2057
San Marcos, Texas 78666
Telephone:   (512) 393-7600
Facsimile:    (512) 393-7619
Email: wes.mau@co.hays.tx.us

Ms. Lisa C. McMinn
State Prosecuting Attorney
P.O. Box 13046
Capital Station

Austin, Texas 78711-3046
Telephone: (512) 463-1660
Facsimile: (512) 463-5724

*Petitioner*

Steven Carlos Hernandez
SPIN No. 867726
Hays County Jail
1307 Uhland Road
San Marcos, Texas 78666

# Table of Contents

**Page(s)**

Index of Authorities.................................................................5

Statement Regarding Oral Argument .........................................6

Statement of the Case ............................................................6

Statement of Procedural History ...............................................7

Ground for Review .................................................................7

> Is it an abuse of discretion for a trial court to raise a defendant's bond after releasing the defendant pursuant to Article 17.151 on a personal bond with conditions of GPS monitoring and a curfew *when the defendant proves completely compliant with the personal bond and its conditions*?

Summary of Argument.............................................................7

Argument.............................................................................8

Prayer................................................................................12

Certificate of Service.............................................................13

Certificate of Compliance.......................................................14

Appendix ...........................................................................15

# Index of Authorities

**Statutes**

Tex.Code.Crim.App. 17.09 (Vernon 2014)....................................................................8, 10

Tex.Code.Crim.App. 17.15 (Vernon 2014)........................................................................8

Tex.Code.Crim.App. 17.151 (Vernon 2014)..............................6, 7, 8, 9, 10, 11, 12

Tex.Code.Crim.App. 17.40 (Vernon 2014).......................................................................9

**Texas Cases**

*Ex Parte Gill*,
    413 S.W.3d 425 (Tex.Crim.App. 2013) ...............................................6, 7, 8, 9, 10

*Hernandez v. State*,
    ___ S.W.3d ___, No. 03-15-00104-CR (Tex.App.—Austin 2015)................7, 11

*Ex Parte Marcantoni*,
    No. 14-03-00079-CR, 2003 WL 1887883 (Tex.App.—Houston [14th Dist.]
    April 17, 2003, no pet.)...................................................................................11

*Martin v. State*,
    176 S.W.3d 887 (Tex.App.—Fort Worth 2005, no pet.)....................................11

*Meador v. State*,
    780 S.W.2d 836 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd).................11

*Miller v. State*,
    855 S.W.2d 92 (Tex.App.—Houston [14th Dist.] 1989, no pet.)........................11

## Statement Regarding Oral Argument

Petitioner waives oral argument in favor of and in hopes of a timely, favorable disposition of this matter.

## Statement of the Case

The Third Court of Appeals has rendered Article 17.151 of the Texas Code of Criminal Procedure and *Ex Parte Gill*, 413 S.W.3d 425 (Tex.Crim.App. 2013) useless and, accordingly, this petition follows.

Pursuant to Article 17.151, Petitioner was released on a personal bond with conditions to have a GPS ankle monitor placed upon him and to comply with a strict curfew. Within three weeks of Petitioner's release, the State presented Petitioner's case to a grand jury and a true bill was rendered. Immediately, the State filed a motion to increase Petitioner's bond and had that motion addressed *ex parte*. The trial court increased Petitioner's bond from $25,000 personal bond (with conditions) to $75,000 cash or surety bond.

Thereafter, Petitioner objected to the *ex parte* hearing and filed an application for writ of habeas corpus. The trial court denied relief despite hearing evidence that Petitioner had been completely compliant with all conditions of his personal bond and appeared for the hearing on his writ of habeas corpus with less than 24 hours notice. The only change in circumstance after Petitioner's release on personal bond was the return of an indictment.

The court of appeals affirmed the trial court's ruling. This petition challenges that holding

## Statement of Procedural History

On May 27, 2015, in a published opinion, the Third Court of Appeals affirmed the trial court. Hernandez v. State, ___ S.W.3d ___, No. 03-15-00104-CR (Tex.App.—Austin, delivered May 27, 2015) (attached as Appendix A). No motion for rehearing was filed.

## Grounds for Review

Is it an abuse of discretion for a trial court to raise a defendant's bond after releasing the defendant pursuant to Article 17.151 on a personal bond with conditions of GPS monitoring and a curfew **when the defendant proves completely compliant with the personal bond and its conditions**?

## Summary of Argument

If the answer to the above question is that a trial court **does not** abuse its discretion in that event, then this Court's ruling in *Ex Parte Gill*, 413 S.W.3d 425 (Tex.Crim.App. 2013) and Article 17.151 are frustrated and rendered useless. *Gill* and Article 17.151 would be effective only to the extent that a defendant would be released until an indictment is returned. Upon indictment, *Gill* and every other defendant, like Petitioner, are subject to an order increasing their bond despite

complete compliance with the bond securing their release and complete compliance with all conditions of that bond—an absurd result.

Moreover, if the answer to the above question is that a trial court **does not** abuse its discretion in that event, then Article 17.151 operates subservient to Article 17.09—a condition warned against in *Gill*. In *Gill*, this Court reasoned in favor of separate articles working together: "We hold that the Legislature intended article 17.151 to operate **in conjunction with, not subservient to**, article 17.15's rules as long as the judge's decision-making process results in the accused's release." Similarly, Petitioner submits Article 17.151 operates in conjunction with Article 17.09. Otherwise, the return of an indictment serves as sufficient cause for an increase in bond—an absurd result.

## Argument

While the court of appeals finds that Petitioner was released on a personal bond with conditions pursuant to Article 17.151, the court of appeals goes on to state, "Although the DNA report brought forth by the State was dated before Hernandez's December release, the record reflects that the information contained in the report was not shown to the trial court before the January 2015 hearings and, indeed, that evidence would not have been relevant in the December hearing under article 17.151. *See Gill*, 413 S.W.3d at 429-30."

The court of appeals uses this reasoning to find that the trial court did not abuse its discretion. However, the court of appeals overlooked this Court's discussion as follows:

> To the extent the court of appeals' decisions below express the belief that article 17.151 inadequately ensures victim and community safety, the Legislature provided judges with the means to achieve these goals. Article 17.40(a), titled "Conditions Related to Victim or Community Safety," reads in part, "To secure a defendant's attendance at trial, a magistrate may impose any reasonable condition of bond related to the safety of a victim of the alleged offense or to the safety of the community." Nothing in the mandatory language of article 17.151 precludes a judge from imposing a broad range of reasonable (and even creative) conditions of release designed to ensure victim and community safety like no-contact orders, house arrest, electronic monitoring, or daily reporting. Article 17.40 acknowledges that a judge need not turn a blind eye to potential safety concerns. *Gill*, 413 S.W.3d at 430-431.

Therefore, the court of appeals is incorrect. The DNA report would have been relevant to a consideration regarding bond conditions.

Indeed, upon releasing Petitioner pursuant to Article 17.151, the trial court took the victim and community into consideration by ordering that Petitioner be subject to GPS monitoring and a curfew, which Petitioner proved to be in compliance with.

It is this flawed reasoning that leads the court of appeals astray.

First, it is undisputed that the trial court maintains discretion to revisit the issue of bond during the entire pendency of a criminal case, including after release pursuant to 17.151.

9

However, this discretion cannot be abused by making an ill-reasoned attempt to use conditions that existed prior to Petitioner's release pursuant to 17.151 as a reason for a bond increase upon the return of an indictment. At the time of Petitioner's release pursuant to 17.151, the evidence was clear that a grave crime was committed ('a store clerk was shot in the chest and arrived at the hospital in critical condition'), the State was in possession of a DNA report that it failed to timely present to a grand jury, the trial court took the safety of the victim and the community into consideration by ordering that Petitioner be monitored by a GPS device and be subject to a curfew and there was no evidence that Petitioner was a flight risk. Instead, the evidence was clear that Petitioner was not a flight risk in that he complied wholly with his GPS monitoring and curfew conditions and appeared for the hearing on his application for writ of habeas corpus with less than 24 hours notice. The return of indictment was the only change in circumstance.

The point is: Due to the court of appeals overlooking this Court's discussion in *Gill* regarding Conditions of Bond, the court of appeals' decision is ill-reasoned and incorrectly decided.

As reasoned in *Gill*, Article 17.151 should work in conjunction with Article 17.09.

Had Petitioner (1) been rearrested for a new offense, (2) violated his GPS monitoring conditions, (3) violated his curfew, (4) confronted the alleged victim or

other witnesses, (5) fled the county or state, (6) tested positive for using drugs or alcohol while on bond and/or (7) been unduly late for a scheduled court appearance, the trial court would have continuing discretion to raise his bond. *Compare Martin v. State*, 176 S.W.3d 887 (Tex.App.—Fort Worth 2005, no pet.) (evaluating the trial court's use of conditions that occurred ***after*** a bond was posted as reasons for increasing that bond); *Miller v. State*, 855 S.W.2d 92 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd) (evaluating the trial court's use of conditions that occurred ***after*** a bond was posted as reasons for increasing that bond); *Meador v. State*, 780 S.W.2d 836 (Tex.App.—Houston [14th Dist.] 1989, no pet.) (evaluating the trial court's use of conditions that occurred ***after*** a bond was posted as reasons for increasing that bond ***and finding an abuse of discretion***); *Ex parte Marcantoni*, No. 14-03-00079-CR, 2003 WL 1887883 (Tex.App.—Houston [14th Dist.] April 17, 2003, no pet.) (evaluating the trial court's use of conditions that occurred ***after*** a bond was posted as reasons for increasing that bond) ***with*** *Hernandez v. State*, ___ S.W.3d ___ No. 03-15-00104-CR (Tex.App.—Austin, delivered May 27, 2015) (attached as Appendix A) (upholding the trial court's use of conditions that existed ***before*** a bond was granted pursuant to Article 17.151 as reasons for increasing the bond after indictment—an absurd result).

However, *in a published opinion*, the court of appeals has incorrectly affirmed the trial court's decision, which will affect cases across the State[1] in that trial courts will be allowed to arbitrarily raise bonds after a defendant is released pursuant to Article 17.151 based on conditions that existed prior to release pursuant to Article 17.151.

## PRAYER

Petitioner respectfully prays that this Court grant his petition and upon briefing sustain his ground of review and reverse the court of appeals judgment.

Respectfully submitted,

THE PASTRANO LAW FIRM, P.C.
The Old Cotton Exchange Building
202 Travis Street, Suite 307
Houston, Texas 77002
Telephone:  713.222.1100
Facsimile:  832.218.7114


By:_____
E. CHEVO PASTRANO
State Bar No. 24037240
chevo@pastranolaw.com

ATTORNEY FOR PETITIONER

---

[1] Notably, Article 17.151 of the Texas Code of Criminal Procedure is applicable to all criminal cases (from a class C misdemeanor to felony cases). Should the Court of Criminal Appeals allow the Third Court of Appeals' ruling to stand, it is possible to foresee that prosecutors across the state will decline to promptly and formally charge defendants based on *Hernandez v. State*—a bond increase would be authorized based solely upon the return of a true bill and circumstances that existed **prior** to a release pursuant to Article 17.151.

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel, listed below, by facsimile, electronic transmission or hand-delivery, in accordance with Rule 9.5 of the Texas Rules on Appellate Procedure, on this the 3rd day of June, 2015.

Mr. Wes Mau
Hays County District Attorney's Office
Hays County Government Center, Suite 2057
712 South Stagecoach Trail
San Marcos, Texas 78666
Telephone:  (512) 393-7600
Facsimile:   (512) 393-7619

Ms. Lisa C. McMinn
State Prosecuting Attorney
P.O. Box 13046
Capital Station
Austin, Texas 78711-3046
Telephone:  (512) 463-1660
Facsimile:   (512) 463-5724

E. CHEVO PASTRANO

## Certificate of Compliance

I hereby certify, pursuant to Rule 9.4 (i) (2) (B) and rule 9.4 (i) (3) of the Texas Rules of Appellate Procedure that the instant brief is computer-generated using Microsoft Word for Mac and said computer program has identified that there are 1300 words or less within the portions of this brief required to be counted by Rule 9.4 (i) (1) & (2) of the Texas Rules of Appellate Procedure.

The document was prepared in proportionally spaced typeface using Times New Roman 14 for text and Times New Roman 12 for footnotes.

_____
E. CHEVO PASTRANO

# Appendix

# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00104-CR

Steven Hernandez, Appellant

v.

The State of Texas, Appellee

## FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
## NO. CR-15-0015-HC, HONORABLE WILLIAM R. HENRY, JUDGE PRESIDING

## O P I N I O N

On September 25, 2014, appellant Steven Hernandez was arrested for aggravated robbery; his bond was initially set at $75,000. On December 18, the trial court released Hernandez, who had not yet been indicted, on a $25,000 personal recognizance bond. *See* Tex. Code Crim. Proc. art. 17.151, § 1(1) (felony defendant who is detained pending trial must be released if State is not ready for trial within ninety days); *Ex parte Castellano*, 321 S.W.3d 760, 763 (Tex. App.—Fort Worth 2010, no pet.) ("The State cannot announce ready for trial when there is no indictment."). On January 6, 2015, Hernandez was indicted, the State filed a "Motion to Increase Bond," and the trial court held an ex parte hearing and signed an order requiring Hernandez to post a $75,000 bond. On January 8, Hernandez filed an objection to the ex parte hearing, and the trial court held a second hearing, this time with Hernandez's counsel's participation. During that hearing, Hernandez also

Appendix A

filed an "Application for Writ of Habeas Corpus Seeking Bail Reduction and/or Reinstatement of Bail Set Pursuant to Article 17.151." The trial court denied relief, and Hernandez appealed.

Article 17.151 requires a person who is detained in jail and accused of a felony offense to be released on personal bond or through the reduction of bail if the State is not ready to proceed to trial within ninety days of the beginning of his detention. Tex. Code Crim. Proc. art. 17.151, § 1(1); *Ex parte Gill*, 413 S.W.3d 425, 429 (Tex. Crim. App. 2013) (quoting *Rowe v. State*, 853 S.W.2d 581, 582 & n.1 (Tex. Crim. App. 1993)). In such a situation, the trial court may not consider any factors outside of those in article 17.151, such as the factors enumerated in article 17.15, which explains how a trial court should generally exercise its discretion in setting bail. *Gill*, 413 S.W.3d at 429-30; *see* Tex. Code Crim. Proc. art. 17.15. The only questions to be answered in this appeal are (1) whether the trial court, having ordered Hernandez released on a personal bond under article 17.151, had the authority to revisit the issue later under article 17.09, *see* Tex. Code Crim. Proc. art. 17.09, § 3, and (2) if so, whether the court abused its discretion in its order.[1] We hold that the court had the authority to revisit the issue of bond and did not abuse its discretion in reinstating the original $75,000 bond.

The code of criminal procedure grants a trial court the ongoing authority to manage a defendant's bond and terms of release. *See id*. art. 17.09. Article 17.09, titled, "Duration; original

---

[1] Hernandez states that his issues are (1) that the trial court improperly raised his bond during the ex parte hearing and (2) that the court erred when it refused to reinstate his personal bond because the State had not shown a material change in circumstances since his December release. The substance of his complaints is whether the State adequately supported its request for a "bond increase," whether the trial court could consider the safety of the community or victim when article 17.151 is implicated, and whether the court's handling of the issue rendered article 17.151 meaningless.

2

and subsequent proceedings; new bail," provides that, once a defendant has given bail, he cannot be made to post another bond in the same action except that, if the trial court determines that the bond is defective, excessive, or insufficient, or for other good and sufficient cause, the court may "order the accused to be rearrested, and require the accused to give another bond in such amount as the [trial court] may deem proper." *Id*. art. 17.09, §§ 2, 3.

Article 17.09 also provides that, "[n]otwithstanding any other provision of this article," a trial court may not order the defendant rearrested or to post a higher bond because the defendant withdrew his waiver of his right to counsel or sought the assistance of counsel. *Id*. § 4. By stating that a trial court is barred from imposing a higher bond *only* in a case in which the defendant seeks the assistance of counsel, article 17.09 impliedly allows the trial court do so for other reasons, such as a reevaluation of the circumstances and the adequacy of a defendant's bond. Further, holding that a trial court could never revisit the issue after a defendant is released under article 17.151 could lead to an absurd result such as a trial court, despite being presented with overwhelming evidence that a defendant is guilty of a grievous felony and both poses a serious flight risk and risk to the victim or the community, being unable to order the defendant back into custody or order a bond increased to a sufficient level.

We therefore conclude that, although a defendant is entitled to release under article 17.151 if the State is not prepared for trial by a certain date, the trial court maintains the discretion to revisit the issue of bond and release at a later date, given sufficient cause to do so.

We now turn to whether the trial court abused its discretion in reinstating Hernandez's original bond. Upon his initial release on bond, Hernandez was ordered to wear an ankle monitor

3

and comply with a curfew, and the evidence was that he had not violated the terms of his release. Hernandez argued in the January 8 hearing that the State had established no reason to raise the bond and that, other than the issuance of the indictment, nothing had materially changed since his release in December. The State responded that DNA test results on a shirt found near the scene linked Hernandez to the crime and that the State was ready for trial. In its findings of fact, the trial court stated that it increased Hernandez's bond and denied his request for habeas relief after "[t]aking into account the fact the case had been indicted, the allegations in the probable cause affidavit, the DNA evidence, the threat to the victim of the crime, the threat to the community, the aggravating factors of the offense, and the likelihood of the defendant appearing for trial."

Although the DNA report brought forth by the State was dated before Hernandez's December release, the record reflects that the information contained in the report was not shown to the trial court before the January 2015 hearings and, indeed, that evidence would not have been relevant in the December hearing under article 17.151. *See Gill*, 413 S.W.3d at 429-30. However, once Hernandez was indicted, the trial court was within its discretion to consider whether the personal recognizance bond was sufficient in light of the seriousness of the crime (a store clerk was shot in the chest and arrived at the hospital in critical condition), the DNA evidence linking Hernandez to the scene, the safety of the victim and the community at large, and whether Hernandez might be a flight risk. Based on this record, we cannot hold that the trial court abused its discretion in determining that Hernandez's personal recognizance bond was no longer sufficient and in reinstating the original requirement for a $75,000 bond. We affirm the trial court's order denying habeas relief.

4

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Bourland

Affirmed

Filed:   May 27, 2015

Publish