Bill Bass, Justice
This is an appeal from the denial of Thomas Wayne Liles Jr.'s application for a writ of habeas corpus. In two separate cause numbers, Appellant is charged with serious bodily injury to a child. In one issue, Appellant contends the trial court erred by requiring him to give another bond in what he argues are the same *669 criminal actions as that in which he previously gave bonds. We affirm.
BACKGROUND
On February 11, 2015, the Wood County Grand Jury returned an indictment in cause number 12-17-00084-CR alleging Appellant on or about July 24, 2014, recklessly, by omission, caused serious bodily injury to N.P., a child of fourteen years of age or younger, by failing to seek medical care for her injuries. The allegations in the second case, cause number 12-17-00085-CR, are identical except the complainant was alleged to be G.G. After a bond reduction hearing, Appellant posted a $20,000 personal bond in each case. Appellant appeared at approximately thirteen docket calls, the last on January 19, 2017.
On January 25, 2017, the Wood County Grand Jury returned new indictments, each containing two counts. The new indictments charge a different and more aggravated manner or means of committing the offense of injury to a child than that alleged in the first indictments. Specifically, in cause number 12-17-00084-CR, count one of the new indictment alleges that Appellant, as a party, intentionally and knowingly caused serious bodily injury to N.P., a child of fourteen years or younger, by striking her with his hands, or fists, or feet, or by manner or means unknown to the grand jury. Count two charges that Appellant caused N.P. serious bodily by failing to seek medical care for her injuries. The new indictment also alleges that Appellant's failure to act was knowing and intentional, not reckless as alleged in the first indictment. The new indictment in cause number 12-17-00085-CR also contains these greater allegations, but in reference to G.G.
On February 16, 2017, Appellant filed his application for writ of habeas corpus asking the court to reinstate the $20,000 personal bond previously given. The trial court denied relief.
Appellant was rearrested on February 9, 2017 and remains in confinement. Bonds on the new indictments have been set at $250,000 in each case.
Standard of Review and Applicable Law
Once a defendant gives bail for his appearance in answer to a criminal charge, "he shall not be required to give another bond in the course of the same criminal action [.]" TEX. CODE CRIM. PROC. ANN. art. 17.09, § 2 (West 2005) (emphasis added). However, whenever, during the course of the action, the trial court finds that "bond is defective, excessive or insufficient in amount, or that the sureties, if any, are not acceptable, or for any other good and sufficient cause ," the accused may be rearrested and required to give another bond in an amount the judge deems proper. Id . art. 17.09, § 3 (emphasis added).
We review a trial court's bail rulings at a habeas proceeding for abuse of discretion. Ex parte Gill , 413 S.W.3d 425, 428 (Tex. Crim. App. 2013). The trial court has great discretion when setting bond for a person accused of a crime. See Ex parte Goosby , 685 S.W.2d 440, 442 (Tex. App.-Houston [1st Dist.] 1985, no pet.) ; see also TEX. CODE CRIM. PROC. ANN. art. 17.15 (West 2005). The statute provides that judges and magistrates, in the exercise of that discretion, are governed by the following rules:
1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.
2. The power to require bail is not to be so used as to make it an instrument of oppression.
3. The nature of the offense and the circumstances under which it was committed are to be considered.
*670 4. The ability to make bail is to be regarded, and proof may be taken upon this point.
5. The future safety of a victim of the alleged offense and the community shall be considered.
TEX. CODE CRIM. PROC. ANN. art. 17.15. Other factors to be considered in guiding the trial court in the setting of pretrial bail include the following: (1) the accused's work record; (2) the accused's family and community ties; (3) the accused's length of residency; (4) the accused's prior criminal record; (5) the accused's conformity with the conditions of any previous bond; (6) the existence of outstanding bonds; and (7) aggravating circumstances alleged to have been involved in the offense, and (8) the accused's ability to make the bond. Ex parte Rubac , 611 S.W.2d 848, 849-50 (Tex. Crim. App. [Panel Op.] 1981).
Discussion
The first question presented in this case is whether the charges set out in the new indictments are "the same criminal action" as the charge alleged in the first indictments. If the allegations in the new indictments are the same criminal action, the trial judge abused his discretion in requiring another bond, absent any good and sufficient cause as provided by Article 17.09 of the code of criminal procedure.
The State acknowledges there is no Texas authority defining what constitutes the "same criminal action" as the term is employed in this statute. Appellant does not cite to any such authority. The charges contained in the new indictments require proof of facts not required by the first indictments. The new indictments add a second count alleging a much more serious manner or means of committing the offense. The second count alleges that Appellant, as a party, caused serious bodily injury to N.P. and G.G. by striking with hands or fists, by kicking with feet, and by means unknown to the grand jury. The first indictments charge that Appellant acted recklessly, whereas the new indictments allege that Appellant acted intentionally and knowingly. The first indictments attempt to charge second degree felonies. The new indictments charge first degree felonies. We conclude that the charges in the new indictments are not part of the "same criminal action" as that commenced by the grand jury's return of the first indictments.
Nevertheless, Appellant seeks support from the Fourteenth Court of Appeals's decision in Meador v. State , 780 S.W.2d 836 (Tex. App.-Houston [14th Dist.] 1989, no writ). In Meador , the defendant was charged with possession of methamphetamine. Meador , 780 S.W.2d at 836. On February 10, 1989, the trial court set bond at $100,000, appointed counsel, and reset Meador's case for March 3. Id . Appellant made bond on February 20. Id . Appellant appeared on March 3, and appointed counsel withdrew. Id . The court reset the case for March 30, and instructed Meador to hire a lawyer. Id . Meador appeared in court on March 30, three to five minutes late and without a lawyer. Id . The trial court revoked his bond and held him without bond. Id .
Meador filed an application for writ of habeas corpus requesting the trial court to reinstate the original bond of $100,000 or to set a new bond not to exceed $10,000. Id . The trial court set bond at $200,000 at the conclusion of the hearing on Meador's application. Id . The State offered no evidence that Meador's name had been called at the courthouse door on March 30. Id . at 837. The court of appeals found that Meador's appearance, although late, was within a reasonable time as provided by the code of criminal procedure. Id . The court of appeals also held that the trial court *671 lacked authority to condition a pretrial bond upon the defendant's hiring an attorney. Id . The court of appeals reinstated the $100,000 bond. Id .
In Meador , the court of appeals decision was based on the trial court's abuse of discretion in revoking the defendant's $100,000 bond without "good and sufficient cause." See ibr.US_Case_Law.Schema.Case_Body:v1">id. There is no indication in the opinion that it was ever contended that the case was anything other than the same criminal action. Thus, Meador does not support Appellant's position.
The State also contends that under Article 17.09 of the code of criminal procedure, "whenever during the course of the action, the judge ... finds that the bond is defective, excessive or insufficient in amount, ... or for any other good and sufficient cause , such judge may order the accused to be rearrested, and require the accused to give another bond in such amount as the judge ... may deem proper." TEX. CODE CRIM. PROC. ANN. art. 17.09 § 3 (emphasis added).
Appellant appeared at approximately thirteen docket calls during the nearly two years between the first and second indictments. However, the nature of the offense and the length of the sentence that might be imposed are significant factors in determining what constitutes a reasonable bond. The new indictments allege aggravating circumstances that seriously increase the gravity of the crime charged. The new indictments also charge Appellant with first degree felonies. The punishment range for a first degree felony is imprisonment for life or for not more than ninety-nine years or less than five. See TEX. PENAL CODE ANN. § 12.32(a) (West 2011). The first indictments charged second degree felonies. The range of punishment for a second degree felony is imprisonment from two to twenty years. See id. § 12.33(a) (West 2011). It is entirely reasonable for the trial judge to believe that a $20,000 personal bond might be insufficient to assure Appellant's appearance to answer to two charges for which he might be sentenced to life in prison.
We conclude that the trial court did not abuse its discretion in ordering Appellant's arrest after the return of the new indictments, and in setting a new bond to replace the Appellant's personal bond. See TEX. CODE CRIM. PROC. ANN. art. 17.15 ; see also Gill , 413 S.W.3d at 428 ; Goosby , 685 S.W.2d at 442. Appellant's issue is overruled.[1]
DISPOSITION
Having overruled Appellant's sole issue, we affirm the trial court's judgment.

Appellant has not complained that the amount of the bond set is excessive. Therefore, we express no opinion on the issue of whether bail is excessive.